Jerry Lee BOULDEN, Appellant,

v.

Julie Rae BOULDEN, Appellee.

No. 05–01–01945–CV.

Court of Appeals of Texas,
Dallas.

May 14, 2004.

Jerry Lee Boulden, Hunstville, pro se.

Before Justices MOSELEY, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice MOSELEY.

In one point of error, appellant Jerry Lee Boulden (Husband) complains the trial court abused its discretion in dismissing his pro se divorce suit against Julie Rae Boulden (Wife) for want of prosecution. Because we agree, we reverse the trial court's judgment and remand the case for further proceedings.

### BACKGROUND

Husband is in prison. While imprisoned he and Wife were married by proxy; they have never lived together. On April 10, 2001, Husband filed a petition for divorce and an affidavit of inability to pay costs under civil procedure rule 145. Tex.R. Civ. P. 145. His affidavit was filed with a declaration under chapter 132 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 132.001–.003 (Vernon 1997) (unsworn declaration under penalty of perjury by an inmate in Texas Department of Corrections may be used in lieu of affidavit). In such circumstances,

the clerk is to docket the action, issue citation, and provide other customary services on the filing of an affidavit of inability to pay costs. TEX.R. CIV. P. 145.1. After service of citation, the defendant may file a contest of the affidavit of inability to pay costs. *Id.* Husband's original petition included an address for service of process on Wife.

There is no record of citation being issued or served in this case. Wife did not appear. There is also no record of a contest filed by any person, no record of a court hearing or order on a contest of the affidavit, and no record of any proceedings under chapter 13 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.001–.004 (Vernon 2002) (dismissal where court finds allegation of poverty in affidavit of inability to pay is false or the action is frivolous or malicious).[1]

The trial court sent Husband a notice of a dismissal hearing set for October 15, 2001 directing him to appear in person before the court administrator before that date. The notice stated the court would dismiss the case for want of prosecution pursuant to rule 165a unless there was good cause to maintain the case on the docket. *See* TEX.R. CIV. P. 165a. The notice directed that Husband should not telephone or write for a continuance. In response to the notice, Husband filed a motion for a bench warrant to appear in person at the hearing or, in the alternative, for a hearing by conference call. He also filed a pauper's affidavit requesting appointment of an attorney ad litem and reiterating his financial condition. There is no record of any action taken on these

filings. Also, on October 14, 2001, Husband filed an amended petition for divorce specifically requesting the clerk to issue and serve citation on Wife at her address.

On October 24, 2001, the trial court signed an order of dismissal for want of prosecution. Husband filed a timely notice of appeal indicating he was appealing the order dismissing the 2001 divorce suit.

### COSTS ON APPEAL

Husband did not pay the appellate filing fees with his notice of appeal. He also did not file an affidavit of indigence regarding appellate costs at or before he filed the notice of appeal. *See* TEX.R.APP. P. 20.1. However, Husband did file in this Court a motion for leave to appeal in forma pauperis, in which he states that he is unable to pay appellate costs and that he is unemployed, has not had income from any business or other source within the last twelve months, has no assets, and no one is dependent on him for monetary support. The motion included a declaration under penalty of perjury that the information was true and correct. TEX. CIV. PRAC. & REM.CODE ANN. § 132.001. We ordered the district clerk to file a supplemental record containing any affidavit of indigence filed in the trial court regarding appellate costs, any contest of such affidavit, and any order of the trial court on such contest, or a statement that Husband had not filed an affidavit of indigence regarding appellate costs with the trial court. The district clerk filed a supplemental record containing only a copy of our order and nothing else.

We suspend the time limits for filing an affidavit of indigence under appellate rule

---

1. Chapter 14 of the civil practices and remedies code relating to inmate litigation does not apply because this case was filed under the family code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.002(b) (Vernon 2002).

20.1 and accept Husband's motion for leave to appeal in forma pauperis as an affidavit of indigence. *See* TEX.R.APP. P. 2, 5, 20.1. We conclude that no contest has been filed and that Husband may proceed with this appeal without advance payment of costs. *See* TEX.R.APP. P. 20.1(f).

## DISCUSSION

 In his brief, Husband complains the trial court erred in dismissing his divorce action[2] for want of prosecution. Trial courts have authority to dismiss for want of prosecution under either rule 165a or the court's inherent power. *See Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999). A party must be given notice and an opportunity to be heard before the trial court may dismiss on either basis. *Id.* The notice must advise the party of the basis for the potential dismissal. Notice that the court is considering dismissal under rule 165a does not constitute adequate notice that the court may exercise its inherent authority to dismiss the case for want of prosecution. *Id.; Lopez v. Harding,* 68 S.W.3d 78, 79–80 (Tex.App.-Dallas 2001, no pet.) (court erred by dismissing under inherent authority when notice referred only to TEX.R. CIV. P. 165a). We review this case under rule 165a because the notice referred only to a dismissal under that rule. We review the trial court's order dismissing a case for want of prosecution under an abuse of discretion standard. *Lopez,* 68 S.W.3d at 80.

This case is similar to *In re Marriage of Buster,* 115 S.W.3d 141 (Tex.App.-Texarkana 2003, no pet.). In *Buster,* an indigent pro se inmate filed a petition for divorce but could not locate his spouse for purposes of service of citation. He communicated with the clerk of the trial court in an effort to obtain service, but did not have the funds for service by publication. *Id.* at 143. He filed a motion for appointment of an attorney ad litem to assist him and also for a writ of habeas corpus ad testificandum so that he could appear personally for trial of the divorce. The trial court did not act on these motions and the clerk sent a notice of dismissal under rule 165a requiring the inmate's or his attorney's personal appearance at a hearing to show good cause for maintaining the case on the docket. *Id.* After the inmate failed to appear at the hearing, the case was dismissed. The court of appeals concluded the trial court abused its discretion in dismissing the case because the inmate had done everything he reasonably could to prosecute the case. *Id.* at 144–45.

 Litigants cannot be denied access to the courts simply because they are inmates. *See Hudson v. Palmer,* 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). By requiring a pro se inmate's personal appearance at a hearing while not acting on that inmate's motion for a bench warrant or to conduct the hearing by telephone conference or other means, the trial court effectively closed its doors to the inmate. Husband could not physically appear in court and, as indicated in his filings with the court, could not afford to retain an attorney to appear on his behalf. Although there is no absolute right for an inmate to appear in person in a civil case, where the trial court determines personal

---

**2.** Husband also states in his brief that he filed a petition for divorce on June 18, 1997 and paid the filing fee. He claims that case was dismissed for want of prosecution on March 25, 1998. We have no record of those proceedings. To the extent Husband complains about the dismissal of his 1997 divorce case, his appeal is too late and that order is final.

appearance is not warranted[3], it should allow the inmate to proceed by affidavit, deposition, telephone, or other effective means. *Buster*, 115 S.W.3d at 144; *Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 343, n. 3 (Tex.App.-Corpus Christi 1997, no pet.). Husband proposed alternative means of appearing such as appointment of an attorney ad litem or conducting the dismissal hearing by conference call. It appears that Husband did everything he could to respond to the trial court's notice of dismissal. We conclude that under these circumstances, the trial court abused its discretion by dismissing the case for want of prosecution.

The trial court's order dismissing the case for want of prosecution is reversed and the cause is remanded for further proceedings.

[3.] Husband does not complain about the trial court's implicit denial of his request for a bench warrant allowing him to appear in person. We note that a trial court does not have an independent duty to identify and eval-uate the relevant factors for determining whether to grant an inmate's pro se application for a bench warrant. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex.2003).