COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JUAN MANUEL URQUIDEZ,                             )

                                                                              )              
No.  08-02-00444-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
358th District Court

TIFFANY LEE URQUIDEZ,                                )

                                                                              )             
of Ector County, Texas

Appellee.                           )

                                                                              )                 
(TC# D-112,713)

                                                                              )

 

 

MEMORANDUM  OPINION

 

Juan Manuel
Urquidez, an inmate, appeals from the trial court=s
default judgment granting divorce on the ground of insupportability and naming
Tiffany Lee Urquidez sole managing conservator. 
Appellant raises two issues on appeal. 
First, Appellant asserts that he was given inadequate notice of the
final hearing in his case.  Second,
Appellant argues that the trial court abused its discretion in failing to issue
a bench warrant so he could personally appear at the hearing, and for failing
to consider reasonable alternatives to allow him to present testimony.  We reverse and remand.








On January 30,
2002, Tiffany Lee Urquidez filed for divorce from Appellant.  At the time, Appellant was incarcerated at
the Swicher County Detention Center of the Texas Department of Criminal Justice
Institutional Division.  Appellant was
served with a Citation for Personal Service on February 7, 2002 and instructed
to respond within twenty days of service. 
Appellant responded pro se, filing his first Original Answer with
the court on February 13, 2002.  On
February 19, Appellant filed a second Original Answer asking the Court to deny
all relief requested by Appellee.  At
that time, Appellant also filed a Request for Appointment of Attorney Ad Litem
in which he made his first request for a bench warrant. 

Also on February
19, 2002, Appellant filed a formal Motion for Issuance of a Bench Warrant, or
in the alternative, a Motion for Continuance, accompanied by an affidavit of
his testimony.  Appellant stated in this
affidavit that he loved and cared for his child, and would never expose him to
dangerous influences.  He wanted his
child to be safe and cared for and feared that Appellee would provide an emotionally
harmful environment.  

On March 15, 2002,
Appellant filed a second Affidavit of his testimony in which he made several
accusations against his wife.  First,
Appellant alleged that his wife failed to inform him about the health and
welfare of his child, and failed to consult with him before making decisions
regarding his child.  He alleged that she
had suffered from mental illness in the past, that she had been previously
incarcerated and had continued legal trouble, and that her thirteen-year-old
daughter (not his child) also had mental issues that could negatively affect
his child.  Additionally, Appellant noted
that Appellee was reported to Child Protective Services.[1]

 








On May 3, 2002,
Appellant filed a Praecipe stating again that Appellee denied him of his rights
as parent in failing to provide him information about the welfare of his child,
and failing to allow him to participate in decisions regarding his child.  Appellant took issue with her intention to
remarry, asserting that she was making decisions that would affect his child
solely on her own discretion.

On May 20, 2002,
Appellant filed a third Original Answer and an additional Motion for Issuance
of Bench Warrant with the Court. 
Appellant again made a general denial of each allegation in the Original
Petition, and asserted that the suit could not be fairly made without his being
present and allowed to testify at the hearing. 
Also on May 20, Appellant filed another Affidavit of his testimony.  Its purpose was to state Appellant=s opposition to the divorce, to request
the court to order counseling, and in the event a divorce was granted, to
request that he be name sole managing conservator.

On June 17, 2002,
the Court heard the case.  Appellee
testified stating that reconciliation was impossible due to the fact that
Appellant was constantly incarcerated. 
Appellee=s
attorney stated that Appellant had requested a bench warrant, and referred to several
other requests he made in the motions described above.  When the attorney objected to the relief
requested and asked that it be denied on the record, the trial court responded AGo ahead.@  No further mention was made about Appellant=s requests, or the testimony he had
submitted through numerous affidavits.  A
default judgment was handed down, and the Final Decree of Divorce named Appellee
sole managing conservator of their child.








Appellant filed a
Motion for New Trial on July 17, 2002, asking for the default judgment to be
set aside.  He cited the Craddock
test, asserting that his failure to appear was not intentional, and was rather
the result of his bench warrant being denied. 
Appellant also asserted that he had a meritorious defense, and that a
trial court=s refusal
to consider and rule on a prisoner=s
request to appear in a civil proceeding personally or by other means
constitutes an abuse of discretion.  In
the affidavit accompanying the Motion for New Trial, Appellant further alleged
that the trial court abused its discretion by not considering documents by
which he responded to allegations, and set forth claims, denials, or defenses
of his own.  Appellant also stated that
he received notice of the final hearing on June 11, 2002.[2]

Appellant filed a
Notice of Appeal on September 26, 2002, asserting that the trial court did not
respond to or consider his requests for bench warrant or appointment of
counsel, and did not consider the factors weighing in his favor.  Further, Appellant asserted the record
contained no evidence in opposition to Appellee.  In conjunction with the Notice of Appeal,
Appellant filed an Affidavit of Indigence asserting that he was an indigent
parent as defined by the Texas Family Code and requesting that the court appoint
an Attorney Ad Litem.  

On October 3,
2002, the trial court filed an Order for Appeal which stated that Appellant=s appeal was frivolous and was not a
substantial question for appellate review. 
The court further instructed the clerk of the court not to prepare a
record for transmission to the Court of Appeals.  Several months later, the trial court
reversed this order and instructed the court reporter to prepare a transcript
of the proceeding at county expense.  An
attorney was also appointed to represent appellant in his appeal on March 3,
2003.

 








Inadequate Notice

Appellant argues
in his first issue that his due process rights were violated because he did not
receive the forty-five days notice of the setting of the final hearing.  However, we find that Appellant did not
adequately preserve this complaint for appeal.

Before presenting
a complaint for appellate review, the record must reflect that the complaint
was made to the trial court by a timely request, objection, or motion that
states the grounds for the request with sufficient specificity to make the
court aware of the complaint.  Tex.R.App.P. 33.1(a).  In other words, to preserve an issue for
appellate review, the complaining party must generally raise the issue in the
trial court.  Gallardo v. Ugarte,
No. 08-03-00374-CV, 2004 WL 1292484 (Tex.App.--El Paso June 10, 2004, no
pet.h.)(not yet published); see Sunday Canyon Property Owners Association v.
Annett, 978 S.W.2d 654, 658 (Tex.App.--Amarillo 1998, no pet.).








In the present
case, Appellant did not raise the issue of inadequate notice until his appeal,
and thus did not properly preserve it. 
We note that Appellant did not have the opportunity to object at trial
since his bench warrant request was denied. 
However, Texas courts have held that a complaint included in a motion
for new trial is sufficient to arouse a trial court=s
attention and preserve an issue for appeal. 
Aguirre v. Phillips Properties, 111 S.W.3d 328, 333
(Tex.App.--Corpus Christi 2003, pet. denied). 
Appellant here did file a Motion for New Trial, but the motion did not
include a complaint about inadequate notice. 
Rather, it requested that the default judgment be set aside on the basis
of the Craddock test, and alleged that the trial court erred in denying
his bench warrant by failing to weigh the integrity of the correctional system
against his right of access to the courts. 
The only mention of notice in the record can be found in the affidavit
accompanying his Motion for New Trial, which merely states that notice was
received on June 11.  However, it does
not raise this as an issue on which the motion is based, and cannot be
considered specific enough to make the trial court aware that inadequate notice
was a formal complaint.  We therefore
conclude Appellant failed to preserve his complaint and overrule Issue One.

The Bench Warrant and Other Effective Means

We review a trial
court=s ruling
on a bench warrant request for an abuse of discretion.  In re Z.L.T., 124 S.W.3d 163, 165
(Tex. 2003).  A trial court abuses its
discretion if it acts arbitrarily and unreasonably or without reference to
guiding principles.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

Appellant makes
two arguments in asserting that the trial court abused its discretion with
regard to his participation at the proceeding. 
Appellant contends first that the trial court abused its discretion by
failing to appropriately consider several factors in reviewing his bench
warrant request, and by failing to balance the interest of the State in
protecting the integrity of the correctional system against his right of access
to the courts.[3]  Appellant relies on the record, implying that
it contains no evidence that the trial court considered the appropriate
factors.  








At the time the
appeal was filed, this would have been a valid argument supported by holdings
from several Texas courts of appeal. 
However, the Texas Supreme Court recently modified the appellate court
holdings by shifting the responsibility of identifying and supporting these
factors from the trial court to the complainant.  See In re Z.L.T., 124 S.W.3d at
165.  The Court in Z.L.T. held
that the litigant requesting the bench warrant bears the responsibility of
establishing his right to relief, and must provide factual information
demonstrating why his need to appear outweighs the impact on the correctional
system.  See id. at 166.  In short, the Court determined that a trial
court has no duty to independently inquire into the necessity of an inmate=s appearance beyond the contents of the
bench warrant request.  Id.  

As a result,
Appellant=s
assertion that the trial court abused its discretion simply by not considering
the Stone factors is inadequate. 
In order to demonstrate an abuse of discretion, the Appellant=s bench warrant request would have to
have contained factual information supporting the necessity of his appearance
and an argument as to how that information outweighed the impact on the
correctional system.  Upon examination of
the record, we find that Appellant did not present the trial court with any
such information or argument.  Rather,
the motion Appellant filed requesting a bench warrant merely stated his love
for his child, and his desire that his child be placed in the safest environment
possible.  Under the standard established
by the Texas Supreme Court in Z.L.T., Appellant failed to establish his
right to relief, and the trial court therefore did not abuse its discretion in
implicitly denying the request on this basis. 









However, Appellant
also contends that the trial court abused its discretion by failing to consider
allowing him to appear by affidavit, deposition, telephone, or other effective
means.  We agree.  Z.L.T. specifically struck down the
notion propagated by Texas appeals courts that trial courts must evaluate
independently various factors in deciding whether to grant bench warrant
requests, regardless of the content of the requests.  Id. at 166.  However, the Supreme Court did not address
the assertion, also encouraged by appeals courts, that the trial court has an
additional responsibility if the bench warrant is refused.

Several appeals
courts have held that in the event a trial court finds that a pro se
inmate in a civil action is not entitled to appear personally in court, the
prisoner should be allowed to proceed by affidavit, deposition, telephone, or
other effective means.  Boulden v.
Boulden, 133 S.W.3d 884, 886-87 (Tex.App.--Dallas 2004, no pet.h.); In
the Interest of D.D.J., 136 S.W.3d 305, 313 (Tex.App.--Fort Worth 2004, no
pet.h.); Lann v. LaSalle County, No. 04-02-00005, 2003 WL 141040, at *1
(Tex.App.--San Antonio January 22, 2003, no pet.)(not yet published); Byrd
v. Attorney General of State of Tex. Crimne Victims Compensation Div., 877
S.W.2d 566, 569 (Tex.App.--Beaumont 1994, no pet.); In re B.R.G., 48
S.W.3d 812, 820 (Tex.App.--El Paso 2001, no pet.).  We have further stated that a trial court=s refusal to consider and rule on a
prisoner=s request
to appear in a civil proceeding personally or by other means, such that the
inmate has been effectively barred from presenting his case, constitutes an
abuse of discretion.  In re B.R.G.,
48 S.W.3d at 820.  








Many circumstances
can contribute to an inmate being barred from presenting his case.  For example, one court found that an inmate
who was a defendant in a civil action and who was proceeding pro se as
had been effectively barred from presenting his case when his request to appeal
and for an attorney were denied.  Armstrong
v. Randle, 881 S.W.2d 53, 57 (Tex.App.--Texarkana 1994, writ denied).  An abuse of discretion was found in another
case where the court records demonstrated repeated efforts on the part of an
inmate to present a defense from prison, but no mention of his assertions or
evidence was made during the proceeding. 
Zuniga v. Zuniga, 13 S.W.3d 798, 801 (Tex.App.--San Antonio 1999,
no pet.), disapproved in part on other grounds by In re Z.L.T.,
124 S.W.3d at 166.  Still another court
found an abuse of discretion where an inmate who filed for divorce proposed
alternative means of appearing and did everything possible to respond to the
trial court, only to find the case dismissed without his participation.  Boulden, 133 S.W.3d at 887.  The Zuniga Court emphasized that the
inmate in that case had a right to be heard, particularly because the suit
affected his parental rights.  Zuniga,
13 S.W.3d at 801.  We believe the same to
be true in the case at bar.

Applying the above
case law to the facts before us, we find that Appellant was effectively barred
from presenting his case, and agree that the trial court abused its discretion
by failing to allow him to proceed by alternative means.  Despite numerous requests, Appellant was not
allowed at trial, nor was he able to have anyone represent him there.  He proposed several alternative means of
appearing such as appointment of an attorney ad litem or a continuance until he
was released from prison.  He made
several attempts to present his case from prison, submitting four affidavits of
his testimony in response to the petition for divorce, and an additional
affidavit accompanying his motion for new trial.  The brief record of the court proceedings is
comprised solely of Appellee=s
testimony, while Appellant=s
affidavit testimony is entirely absent, and his multiple requests to
participate in the proceeding are dismissed by the judge without any
consideration of their validity.  Absent
from the record is any mention of the allegations Appellant made against his
wife, and his testimony regarding why his wife was unfit to be named sole
managing conservator.  While Z.L.T.
allows the trial court to implicitly deny a bench warrant request like
Appellant=s that
does not adequately establish a right to relief, it does not grant permission
to the trial court to entirely ignore an inmate=s
party to a lawsuit and his repeated efforts to participate.  Issue Two is sustained.

 








Accordingly, we
reverse the trial court=s
judgment and remand this case for proceedings consistent with this opinion.

 

 

August
31, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.











[1]
We note that on May 3, Appellant filed a Suit Affecting the Parent-Child
Relationship in which he requested that his wife not be named sole managing
conservator of the child, and that the Court issue a temporary injunction so
that if Appellee should deepen her debts with the county, she would be forced
to surrender custody of their child to Appellant=s
sister.  The record is silent as to
whether separate action was taken on this suit, though the final divorce decree
filed later establishes conservatorship of the child.





[2]
We note that on July 18 and July 25, Appellant filed Motions for Issuance of a
Bench Warrant.  It is unclear whether
these were filed in relation to the divorce hearing which had already been
held, or in relation to the Motion for New Trial.





[3]
Appellant here refers to the Stone factors that are to be used to
consider whether to grant a bench warrant. 
The factors include the cost of transporting the inmate to court, the
security risk to the court and the public, whether the inmate=s claims are substantial, and the
inmate=s
probability of success on the merits.  See
Stone v. Morris, 546 F.2d 730, 735-36 (7th Cir. 1976).