Affirmed and Memorandum Opinion filed December 6, 2005









Affirmed and Memorandum Opinion filed December 6, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00985-CV

_______________

 

JIMMY RAY BRITTON, Appellant

 

V.

 

AIMCO SANDALWOOD L.P. (LANDLORD),
Appellee

___________________________________________________________

 

On Appeal from 61st District Court

Harris County, Texas

Trial Court Cause No. 03‑63784

___________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Jimmy
Ray Britton appeals the dismissal for want of prosecution of his wrongful death
action on the grounds that the trial court: (1) did not indicate in its notice
of intent to dismiss (the Anotice@) that it intended to dismiss the case under its inherent
authority; and (2) erred by denying him due process of law and meaningful
access to the court.  We affirm.

Britton=s first issue contends that the
notice failed to notify him that the trial court intended to dismiss his suit
for want of prosecution under its inherent authority.[1]








A
dismissal for want of prosecution is reviewed for abuse of discretion.  MacGregor v. Rich, 941 S.W.2d 74, 75
(Tex. 1997).  A court may dismiss a case
for want of prosecution under either Texas Rule of Civil Procedure 165a or its
inherent authority under common law. Alexander v. Linda=s Boutique, 134 S.W.3d 845, 850 (Tex. 2004); Villarreal
v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999).  However, a party must be given notice and an
opportunity to be heard before a court may dismiss a case for want of
prosecution.  Villarreal, 994
S.W.2d at 630.  A court may not dismiss
for want of prosecution on a ground other than those for which it gave notice
of its intent to dismiss.  See id. at
632-33.

In
this case, the trial court=s notice of intent to dismiss stated:

NOTICE OF INTENT TO DISMISS - NO ANSWER FILED

Court records indicate that this case is eligible for
dismissal for want of prosecution because no answer has been filed in this
case.  The case will be DISMISSED FOR
WANT OF PROSECUTION, unless one of the following actions is taken by 08-16-2004:

1. A default judgment is signed;

2. An answer is filed; or 

3. A verified motion to retain is filed and set for
oral hearing on 

08-23-2004 at 9:00 o=clock A.M.  

Failure to appear at the oral hearing will result in
the case being Dismissed For Want of Prosecution.

If you have any questions regarding this notice,
please contact the court coordinator Darla Coons, at (713) 755-5580.

Thank
you for your prompt attention to this matter.

This notice
clearly indicated that the case would be dismissed for want of prosecution if
at least one of the three stated conditions was not satisfied by the specified
date.  Although the notice did not
specify the source of the trial court=s authority to dismiss with regard to
each condition, i.e., as between Rule 165a and its inherent authority,
it clearly stated the circumstances in which the case would be dismissed, and
there is no indication that the case was dismissed on any basis other than
those listed in the notice.  Therefore,
Britton=s first issue fails to demonstrate
that the notice was inadequate and is overruled.








Britton=s second issue argues that the trial
court erroneously denied him access to the court by not granting his motion for
bench warrant, not conducting a hearing via telephone, and by not appointing an
attorney ad-litem.

Although
litigants cannot be denied access to the courts simply because they are
inmates, they do not have an absolute right to appear in person in every court
proceeding.  In re Z.L.T., 124
S.W.3d 163, 165 (Tex. 2003).  Instead, an
inmate=s right of access must be weighed
against the protection of our correctional system=s integrity.  Id. 
If a trial court denies an inmate's request to personally appear at
trial, the inmate should be allowed to proceed by affidavit, deposition,
telephone, or other effective means.  Boulden
v. Boulden, 133 S.W.3d 884, 887 (Tex. App.CDallas 2004, no pet.); Aguilar v.
Alvarado, 39 S.W.3d 244, 248 (Tex. App.CWaco 1999, pet. denied.).  

In
this case, because the record before us does not: (1) reflect that Britton set
any motion to retain for hearing on August 23, as set forth in the notice; or
(2) contain a motion for bench warrant, any other request for an alternative
means for Britton to appear at any such hearing (or a ruling on any such
request),[2]
Britton=s second issue presents nothing for
our review on his complaint that he was denied due process or access to the
court.  Accordingly, Britton=s second issue is overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed December 6, 2005.

Panel consists of
Justices Fowler, Edelman and Guzman.

 

 











[1]           Britton
assigns error only to the dismissal, not the trial court=s denial of his motion for reinstatement.





[2]           See
Tex. R. App. P. 33.1(a).