**Norminel REESE, Jr., Appellant**

v.

**Grace E. REESE, Appellee.**

**No. 05–06–01193–CV.**

Court of Appeals of Texas,
Dallas.

June 13, 2008.

Norminel Reese, Gatesville, pro se.

Grace Reese, Dallas, pro se.

Before Justices FITZGERALD, LANG–MIERS, and MAZZANT.

## OPINION

Opinion By Justice LANG–MIERS.

In four points of error, appellant Norminel Reese, Jr. (Husband) complains that the trial court abused its discretion by dismissing his pro se divorce suit against Grace E. Reese (Wife) for want of prosecution. Appellant, who is in prison, argues in his fourth point that the trial court abused its discretion by dismissing his suit for failure to appear. For the following reasons, we reverse the trial court's judgment and remand the case for further proceedings.

### BACKGROUND

Husband and Wife were married in December 1981 and separated in 1987. At some point, Husband went to prison. On March 8, 2006, while incarcerated, Husband filed a petition for divorce and an affidavit of inability to pay costs.[1] *See*

---

1. Husband previously filed two petitions for divorce. Both were dismissed for want of prosecution. Those cases are not involved in this appeal.

TEX.R. CIV. P. 145. At Husband's request, the court ordered citation by publication under civil procedure rule 109, and service was accomplished on Wife by publishing in the *Daily Commercial Record* on March 16, 2006. Wife did not answer or appear. Husband moved for entry of a default judgment on March 31, 2006, but there is no record that the trial court ruled on the motion. On April 20, 2006, the trial court sent Husband a notice of dismissal hearing set for August 2, 2006 and directed him to appear before the court on that date. The court administrator typed a personal note to Husband, advising that

> You will have to have your wife served, you cannot proceed with a publication unless you have someone here locally to represent you, or walk thru your paperwork at the court house. I have extended this case extension date for dismissal to allow you time to seek assistance from someone locally, or to hire an attorney to complete your case during your confinement if you cannot complete service otherwise.

On May 8, 2006, Husband filed a motion requesting the appointment of counsel. In the alternative, Husband asked the court to bench warrant him so that he could appear in person or allow him to appear by conference call. In an affidavit to support the motion, Husband reiterated his financial condition, stated he had been unable to retain an attorney, and again asked the court to allow him to appear personally by bench warrant, by conference call, or by affidavit. There is no record that the trial court took any action on Husband's motion. On September 26, 2006, the trial court signed an order of dismissal for want of prosecution. Husband filed a timely notice of appeal indicating he was appealing the order dismissing the 2006 divorce suit.

## DISCUSSION

In his fourth issue, Husband argues that the trial court erred by dismissing his divorce action for want of prosecution because it could have substituted his appearance through other available means. We agree.

Trial courts have authority to dismiss cases for want of prosecution under civil procedure rule 165a[2] or the court's inherent power. *Boulden v. Boulden*, 133 S.W.3d 884, 886 (Tex.App.-Dallas 2004, no pet.) (citing *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999)). The court must give a party notice and an opportunity to be heard before it may dismiss on either basis. *Id.* However, notice that the court is considering dismissal under civil procedure rule 165a is not sufficient to notify a party that the court may exercise its inherent authority to dismiss the case for want of prosecution. *Id.* Because the trial court's notice in this case referred only to a dismissal under rule 165a, we review this appeal only under that rule. *Id.* Additionally, we review the trial court's order dismissing the case under an abuse of discretion standard. *Id.*

Husband responded to the trial court's notice of dismissal by requesting the appointment of an attorney. Alternatively, he asked the trial court to bench warrant him to appear in person, or allow him to

---

2. Rule 165a(1) provides:

   **1. Failure to Appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice.... At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket.... TEX.R. CIV. P. 165a(1).

appear by affidavit or conference call. The trial court dismissed the action for want of prosecution without ruling on those requests.

In the *Boulden* case, under very similar circumstances, we held that a trial court's refusal to allow an inmate to proceed by affidavit, deposition, telephone, or other effective means when a personal appearance was not warranted in a divorce action was an abuse of discretion. *Id.* at 886–87. In that case, the husband was in prison and the trial court dismissed his divorce action for want of prosecution under rule 165a because he could not appear personally and could not afford to retain an attorney to appear on his behalf. *Id.* at 886. We recognized that litigants cannot be denied access to the courts simply because they are inmates. *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). We also noted that the inmate had done everything he could to respond to the trial court's notice of dismissal, and that he had proposed such alternative means as appointing him counsel, allowing him to appear by conference call, or bench warranting him to appear in person. Because the trial court dismissed the action without ruling on those requests, we concluded it abused its discretion. *Id.* at 887.

As in *Boulden,* it appears Husband did everything he could to respond to the trial court's notice of dismissal. Under these circumstances, we conclude that the trial court abused its discretion by dismissing the case for want of prosecution without ruling on his requests to appear by alternative means.

We sustain appellant's fourth issue. Because it is dispositive of this appeal, we do not need to reach appellant's first three issues.

## CONCLUSION

We reverse the trial court's order dismissing the case for want of prosecution and remand for further proceedings.