IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00149-CR

 

Melissa Matus,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court
at Law No. 1

McLennan County, Texas

Trial Court No. 20076115CR1

 



abatement ORDER



 

Appellant Melissa Matus filed a notice
of appeal pro se.  The trial court denied her request for a court-appointed
attorney for this appeal.  It appears that Appellant has not retained an
attorney for this appeal.  The clerk’s record has been filed.  The reporter’s
record has not been filed.  In a September 16, 2008 letter, this Court notified
Appellant that the reporter’s record in this cause had not been filed because
Appellant had failed to pay or make arrangements to pay the reporter’s fee for
the preparation of the record.  That letter further notified Appellant that
unless she paid the reporter or made arrangements to pay the reporter’s fee and
notified this Court of the action taken within 21 days of the date of this
letter, her brief was to be filed within 60 days of the date of that letter,
and the Court would consider and decide those issues and points that do not
require a reporter’s record.  See Tex.
R. App. P. 37.3(c)(2).

When Appellant took no action and did
not file a brief, in a letter dated November 21, 2008, this Court notified
Appellant that her brief was due to be filed in this Court on or before
November 17, 2008, that her brief was overdue, and that unless a brief or
satisfactory response was received within 14 days, the Court would abate this
appeal and order the trial court to immediately conduct a hearing under Rule of
Appellate Procedure 38.8(b)(2).  Neither a brief nor a response has been
received.

The Court abates this cause to the trial
court with instructions to hold a hearing to determine:  (1) why Appellant has failed to pay or make
arrangements to pay the reporter’s fee for the preparation of the reporter’s
record; (2) why a proper
brief has not been filed by Appellant; and (3) whether
Appellant still desires to proceed with the appeal.  See Tex. R. App. P. 38.8(b)(2).

The trial court shall conduct the
hearing within twenty days after the date of this order.  The trial court clerk
and court reporter shall file supplemental records within thirty-five days
after the date of this order.

 

PER CURIAM

 




Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Cause
abated

Order
issued and filed January 28, 2009

Do
not publish








 






566, 569 (Tex. App.—Beaumont 1994, no writ) (per curiam).  Texas courts have
followed the lead of the federal courts in identifying pertinent factors to be
considered in deciding whether an inmate should be permitted to personally
appear.

 

These factors include:

(1) the cost and inconvenience of transporting the
inmate to court; (2) the security risk and danger to the court and the public
by allowing the inmate to attend court; (3) whether the inmate’s claims are
substantial; (4) whether a determination of the matter can reasonably be
delayed until the inmate is released; (5) whether the inmate can and will offer
admissible, noncumulative testimony that cannot be offered effectively by
deposition, telephone, or otherwise; (6) whether the inmate’s presence is
important in judging his demeanor and credibility compared with that of other
witnesses; (7) whether the trial is to the court or to a jury; and (8) the
inmate’s probability of success on the merits.

 

Armstrong, 881 S.W.2d at 57 (citing Stone v. Morris, 546 F.2d 730,
735-36 (7th Cir. 1976)); accord Byrd, 877 S.W.2d at 569; Brewer v.
Taylor, 737 S.W.2d 421, 423 (Tex. App.—Dallas 1987, no writ).  Should the
trial court determine after considering these factors that the prisoner is not
entitled to appear personally, then the court should permit him “to proceed by
affidavit, deposition, telephone, or other effective means.”  Byrd, 877
S.W.2d at 569 (quoted in Dodd, 17 S.W.3d at 717; Ramirez, 994
S.W.2d at 684; Pedraza, 960 S.W.2d at 343 n.3).

 

A trial court’s refusal to consider and rule upon
a prisoner's request to appear in a civil proceeding personally or by other
means constitutes an abuse of discretion.  See Dodd, 17 S.W.3d at 718; Byrd,
877 S.W.2d at 569.  Because Respondent has failed to consider and rule upon
Richard’s application for writ of habeas corpus ad testificandum or
alternatively to appear via videoconferencing, Respondent has abused his
discretion.

 

In re Taylor, 28 S.W.3d 240, 249 (Tex. App.—Waco 2000, orig. proceeding), disapproved
in part by In re Z.L.T., 124 S.W.3d 163, 166 (Tex. 2003).

When a request for a bench warrant includes no
information by which a trial court can assess the necessity of the inmate’s
appearance, the trial court does not abuse its discretion when it fails to
consider or act on an inmate’s request for a bench warrant.  In re Z.L.T.,
124 S.W.3d 163, 166 (Tex. 2003).  Nor does a trial court have a duty to go
beyond the bench warrant request and independently inquire into the necessity
of an inmate’s appearance.  Id.

Because Appellant alternatively requested to
participate in the hearing by teleconference and his motion unquestionably
provided sufficient information for that purpose, we review his first and third
issues on that aspect alone for an abuse of discretion.  See, e.g., Boulden
v. Boulden, 133 S.W.3d 884, 885, 886-87 (Tex. App.—Dallas 2004, no pet.).

Z.L.T. specifically struck down the notion
propagated by Texas appeals courts that trial courts must evaluate
independently various factors in deciding whether to grant bench warrant
requests, regardless of the content of the requests.  Id. at 166.  However, the Supreme Court did not address the assertion,
also encouraged by appeals courts, that the trial court has an additional
responsibility if the bench warrant is refused.

 

Several
appeals courts have held that in the event a trial court finds that a pro se
inmate in a civil action is not entitled to appear personally in court, the
prisoner should be allowed to proceed by affidavit, deposition, telephone, or
other effective means.  Boulden v. Boulden, 133 S.W.3d 884, 886-87 (Tex. App.—Dallas 2004, no pet. h.); In the Interest of D.D.J., 136 S.W.3d 305, 313 (Tex. App.—Fort Worth 2004, no pet. h.); Lann v. LaSalle County, No. 04-02-00005,
2003 WL 141040, at *1 (Tex. App.—San Antonio January 22, 2003, no pet.) (not
yet published); Byrd v. Attorney General of State of Tex. Crime Victims
Compensation Div., 877 S.W.2d 566, 569 (Tex. App.—Beaumont 1994, no pet.); In
re B.R.G., 48 S.W.3d 812, 820 (Tex. App.—El Paso 2001, no pet.).  We have
further stated that a trial court’s refusal to consider and rule on a
prisoner’s request to appear in a civil proceeding personally or by other
means, such that the inmate has been effectively barred from presenting his
case, constitutes an abuse of discretion.  In re B.R.G., 48 S.W.3d at
820.

 

Many
circumstances can contribute to an inmate being barred from presenting his
case.  For example, one court found that an inmate who was a defendant in a
civil action and who was proceeding pro se as had been effectively barred
from presenting his case when his request to appeal and for an attorney were
denied.  Armstrong v. Randle, 881 S.W.2d 53, 57 (Tex. App.—Texarkana
1994, writ denied).  An abuse of discretion was found in another case where the
court records demonstrated repeated efforts on the part of
an inmate to present a defense from prison, but no mention of his assertions or
evidence was made during the proceeding.  Zuniga v. Zuniga, 13 S.W.3d
798, 801 (Tex. App.—San Antonio 1999, no pet.), disapproved in part on other
grounds by In re Z.L.T., 124 S.W.3d
at 166.  Still another court found an abuse
of discretion where an inmate who filed for divorce proposed alternative means
of appearing and did everything possible to respond to the trial court, only to
find the case dismissed without his participation.  Boulden, 133 S.W.3d
at 887.  The Zuniga Court emphasized that the inmate in that case had a
right to be heard, particularly because the suit affected his parental rights. 
Zuniga, 13 S.W.3d at 801.  We believe the same to be true in the case at
bar.

 

Urquidez v.
Urquidez, 2004 WL 1933339, at *4-5 (Tex. App.—El Paso Aug. 31,
2004, no pet.).

Applying the above case law to the issues before us, we find that
the trial court abused its discretion by failing to allow Appellant to proceed
by the alternative means of teleconference and by dismissing for want of
prosecution the contempt motion.  See id. at *5; Boulden,
133 S.W.3d at 885, 886-87 (reversing dismissal of inmate’s divorce case for
want of prosecution where inmate had filed motion for bench warrant or
alternative hearing by conference call).  Issues one and three are sustained in
part.  We need not address issue two.

We reverse the trial court’s April 3, 2008 dismissal order and
remand this case for proceedings consistent with this opinion.

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Reversed and remanded

Opinion delivered and
filed November 5, 2008

[CV06]