NO. 07-11-00282-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 3, 2012

---

IN THE MATTER OF THE MARRIAGE OF
BELINDA GAIL CAMP AND KRISS RAY CAMP

---

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 80,593-D; HONORABLE DOUGLAS R. WOODBURN, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Kriss Camp, an indigent inmate appearing *pro se*, appeals the judgment of the trial court granting the petition for divorce of appellee Belinda Camp, n/k/a Belinda Ingram. We will reverse and remand the case for a new trial.

Background

Ingram, represented by counsel, filed her suit for divorce on April 6, 2011. She sought dissolution on the ground that her marriage to Camp had become

insupportable.[1]  There were no children of the marriage.  The petition directed that Camp be served at the Potter County detention center.

Nine days later, on April 15, Camp filed a pleading entitled "written answer to petition for divorce."  In the five-page document, he responded to various paragraphs of the petition.  Among other things, his prayer asked for a "fair and just division of the estate," appointment of a mediator "to help with an honest correct and [accurate] list and division of the estate," and for general relief.

Camp filed a document on June 2, 2011, entitled "request for transportation to and from Potter County Jail to and from a divorce hearing scheduled for Monday June 27, 2011, at 9:30 a.m. in the 320th district court of Potter County."  The prayer included the request that Camp "be transported to hearing set for Jun[e] 27, 2011"  The document indicated copies were sent to the 320th District Court, the Potter County District Clerk, and Ingram's attorney.  The record contains no ruling or response by the trial court to Camp's request for transportation.

On June 27, 2011, the case was called for trial in Camp's absence.  It began with the following exchange:

> The Court:    Let's see.  All right.  No answer has been filed.  I guess--are you aware he's sent some letters to the Court?
>
> Ingram's Counsel: Yes, Your Honor.  We've gotten quite a few interesting letters.
>
> The Court:    Was he notified of today's hearing?
>
> Ingram's Counsel:   Yes, Your Honor, he was.

---

[1] Tex. Fam. Code Ann. § 6.001 (West 2006).

The Court:    Okay.  You may proceed.

Ingram was the only witness and no exhibits were offered.  After giving testimony spanning almost four pages of the reporter's record, Ingram rested and closed.  The trial court then rendered judgment on her petition.  A written judgment signed on June 27 recites that Camp "has made a general appearance and was duly notified of trial but failed to appear and defaulted."

Camp, now incarcerated in prison, filed a brief.  Ingram has not filed a brief and we have no indication she is represented by counsel on appeal.

Analysis

In his first issue, Camp argues he was denied access to trial.  He asserts the trial court should have allowed him to participate in the trial of the case, pointing out he filed an answer and requested transportation from the county jail.  Camp adds, but without citation to the record, that he was previously transported by the sheriff's department to the hearing on Ingram's motion for protective order.[2]  For purposes of this discussion, we will treat Camp's request for transportation from the county jail to the courthouse as a request for a bench warrant.

We review a trial court's decision to deny an inmate's request to appear at the trial of a civil matter for abuse of discretion.  *In re Z.L.T.,* 124 S.W.3d 163, 165 (Tex. 2003) (bench warrant).  We gauge a trial court's decision to conduct the trial of a civil matter in the absence of an inmate by the same standard.  *Misigaro v. Bassowou,* 02-

---

[2] Attached to Ingram's petition is a September 28, 2010, protective order which recites that Camp appeared in person for the hearing.

3

10-0473-CV, 2012 Tex. App. Lexis 467, at *5 (Tex.App.--Fort Worth January 19, 2012, no pet.) (citing *Nance v. Nance,* 904 S.W.2d 890, 892 (Tex.App.--Corpus Christi 1995, no writ); *Armstrong v. Randle,* 881 S.W.2d 53, 57 (Tex.App.--Texarkana 1994, writ denied)).  A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles.  *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

While one who is incarcerated has no absolute right to appear in person for the trial of a civil case, *Armstrong,* 881 S.W.2d at 56-57, he may not be denied reasonable access to the courts simply because of his status as an inmate.  *Boulden v. Boulden,* 133 S.W.3d 884, 886 (Tex.App.--Dallas 2004, no pet.) (citing *Hudson v. Palmer,* 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)).  Determining whether an inmate should attend court proceedings requires the trial court to balance the interest of the State in preserving the integrity of the correctional system with the inmate's right of access to the courts.  *In re B.R.G.,* 48 S.W.3d 812, 819 (Tex.App.--El Paso 2001, no pet.).  In weighing these interests, the courts consider:

> [T]he cost and inconvenience of transporting the prisoner to the courtroom; the security risk the prisoner presents to the court and public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release; whether the prisoner can and will offer admissible, noncumulative testimony that, cannot be effectively presented by deposition, telephone, or some other means; whether the prisoner's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the prisoner's probability of success on the merits.

*In re Z.L.T.,* 124 S.W.3d at 165-66 (citing *Stone v. Morris,* 546 F.2d 730, 735-36 (7th Cir. 1976)).

4

"The right of a prisoner to have access to the court entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party[.]" *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex.App.--Houston [1st Dist.] 2000, no pet.), *disapproved in part on other grounds by Z.L.T.*, 124 S.W.3d at 166. Thus a prisoner who has requested but is denied a bench warrant for a personal appearance in court may in a particular circumstance properly be allowed access to the court by means of "affidavit, deposition, telephone, or other effective means." *Byrd v. Attorney Gen. of Tex., Crime Victim's Comp. Div.,* 877 S.W.2d 566, 569 (Tex.App.--Beaumont 1994, no writ), *disapproved on other grounds by In re Z.L.T.,* 124 S.W.3d at 166; *In re D.D.J.,* 136 S.W.3d 305, 314 (Tex.App.--Fort Worth 2004, no pet.); *Boulden,* 133 S.W.3d at 886-87; *cf. In re D.L.S.,* No. 02-10-0366-CV, 2011 Tex. App. Lexis 5650, at *2 (Tex.App.--Fort Worth July 21, 2011, no pet.) (mem. op.) (finding no denial of due process or equal protection rights in private termination case where trial court denied *pro se* inmate father's request for bench warrant but by letter authorized his participation by affidavit, which was submitted, or by telephone provided inmate could make arrangements).

Here, Camp requested a bench warrant for transportation from the Potter County detention center to the district court, for trial of the divorce action filed by his wife. It was his burden to identify the grounds for his request for a bench warrant and to provide the court sufficient factual information to assess the need for his appearance. *In re Z.L.T.,* 124 S.W.3d at 166; *see In re D.D.J.,* 136 S.W.3d at 312 (noting inmate's status as defendant in suit may weigh in favor of bench warrant); *Dodd*, 17 S.W.3d at 718 (same).

5

Based on the record's silence, we find the trial court implicitly overruled Camp's request for a bench warrant. Tex. R. App. P. 33.1(a)(2)(A); *In re Z.L.T.,* 124 S.W.3d at 165 (by proceeding to trial without issuing bench warrant trial court implicitly denied request); *In re M.A.R.,* No. 03-10-0444-CV, 2012 Tex. App. Lexis 1484, at *6 (Tex.App.--Austin Feb. 23, 2012, no pet.).

Camp joined issue in the case by filing a written answer. If Camp did not show himself entitled to a personal appearance in court, on denial of that request the trial court should have considered other reasonable means by which Camp's request to participate in trial could be granted. By proceeding with the hearing without doing so, we find the trial court abused its discretion.

Further, after review of the record, we find the error harmful. *See* Tex. R. App. P. 44.1(a) (stating standard). The writings Camp filed before trial make clear his testimony regarding an equitable division of their property would have differed from that given by Ingram. When the trial court decided to proceed with the hearing without allowing Camp a meaningful means of participation it foreclosed his presentation of evidence countering that his wife offered. This, in turn, probably prevented Camp from properly presenting his case on appeal. Tex. R. App. P. 44.1(a)(2); *see Taylor v. Taylor,* 63 S.W.3d 93, 98 (Tex.App.--Waco 2001, no pet.) (finding harm in similar case). *See also In re T.L.B.,* 07-07-0349-CV, 2008 Tex. App. Lexis 9400, at *14-16 (Tex.App.--Amarillo Dec. 17, 2008, no pet.) (finding failure to allow *pro se* inmate father in private termination case to meaningfully participate in hearing probably prevented proper presentation of case on appeal); *In re M.C.,* 65 S.W.3d 188, 194 (Tex.App.--Amarillo

6

2001, no pet.) (on appeal of divorce and paternity case, finding rulings excluding evidence probably prevented wife from fully presenting evidence and probably prevented proper presentation of case on appeal).  We sustain Camp's first issue.

## Conclusion

Because resolution of Camp's first issue is dispositive of the appeal it is unnecessary to review his remaining issues as none require greater relief than is here granted.  Tex. R. App. P. 47.1.  We therefore reverse the judgment of the trial court and remand the case for a new trial.

James T. Campbell
Justice