# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00088-CV

---

**Jeffrey William Larson, Appellant**

**v.**

**Colleen Larson, Appellee**

---

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-15-000255, THE HONORABLE GUS J. STRAUSS JR., JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Jeffrey William Larson, pro se, appeals the trial court's February 17, 2016, divorce decree dissolving his marriage to Colleen Larson and awarding her a disproportionate division of marital property due to its finding of family violence by Jeffrey.[1]  Jeffrey answered Colleen's petition for divorce but did not appear at the final hearing at which the trial court rendered the decree.  For the following reasons, we will affirm the divorce decree.

## BACKGROUND

On January 15, 2015, Colleen filed for divorce and a protective order against Jeffrey, alleging that he had committed family violence against her.  The court signed a temporary ex parte protective order and set a hearing for January 29 on Colleen's application for a protective order.  After the hearing, the court rendered an order extending the ex parte

---

[1] Because the parties share a surname, we will refer to them by their first names.

protective order, finding that "good cause exists for extension . . . in that Jeffrey Larson's recent incarceration has not provided the opportunity for proper arrangement of transportation to the court from the facility where he is presently located." On February 6, the court held another hearing, at which Jeffrey and Colleen both appeared. After the hearing, the trial court rendered an agreed temporary order and an agreed protective order.

On December 28, 2015, Colleen filed an amended petition for divorce, alleging that the original protective order was still in place as well as a second emergency protective order issued by the City of Austin Municipal Court on November 17, 2015. She also asserted causes of action for assault and damages for personal injury, alleging that Jeffrey "intentionally or knowingly or recklessly caused bodily injury to [her] by throwing [her] down the stairs and out the front door." When she filed her amended petition, Colleen also provided Jeffrey with notice of a "final hearing on the Merits for the Divorce" set for February 17, 2016. The hearing notice contained a certificate of service indicating that Jeffrey was provided a copy by email and by certified mail, return-receipt requested to his two last-known addresses (his formerly shared home with Colleen and the county jail). On January 13, 2016, Jeffrey filed with the trial court a four-page, handwritten answer[2] to Colleen's petition. In his answer, Jeffrey asserted his innocence to the assault and family-violence charges against him and alleged that Colleen was the aggressor and perpetrator of the violence and had falsely accused him.

The trial court conducted the final hearing February 17, 2016. Jeffrey did not appear. The trial court stated that it had "reviewed [Jeffrey's] lengthy answer, handwritten, that he filed and he does not address any type of complications with complaining about division of

---

[2] Jeffrey's filing did not have any caption, but the trial court treated it as an answer, as indicated in the transcript of the final hearing and the final divorce decree.

property." Colleen's counsel represented to the trial court that Jeffrey was incarcerated in the Travis County Jail and confirmed that she had provided him with notice of the hearing. After brief testimony from Colleen, the trial court rendered judgment granting the divorce. The divorce decree stated, "Respondent, Jeffrey Larson, has made a general appearance & filed an answer and was duly notified of trial but failed to appear and defaulted." The decree awarded Colleen the marital home and vehicle, assigned her a community credit-card debt and the mortgage, and awarded her attorney's fees of approximately $3,000.

On February 23, 2016, Jeffrey filed with the trial court a letter entitled "Permission to Contest Divorce." He asserted therein, "I did everything I could to beg for a ride to the trial and let them know that I was in jail and I couldn't get an attorney to represent me from jail. . . . I would like to contest this divorce." His letter continued, "I don't know how to change the decision that was made about my future without me even being present. The courts gave away everything I own. All of the things that I worked my whole life for (house, cars, dogs, 401k). They convicted me of spousal abuse and punished me before my trial." He sent an additional letter to the trial court on March 1, 2016, again contending that "the Travis County Jail wouldn't give me a ride to court" and "trying to contest this divorce because I'm innocent."

## DISCUSSION

Jeffrey's brief does not identify any specific issues presented for our review, make any legal arguments, or contain any citations to the record or authorities. *Cf.* Tex. R. App. P. 38.1 (listing required contents of appellant's brief). As best we can construe his brief, he appears to be complaining that the staff of the county jail did "not allow" him to attend the trial to "defend [him]self and the property that [he] worked for many many years to acquire." He

3

contends, "[t]he Law Library at the Travis County Jail[,] the officers at the jail, and my court appointed attorney all stated the same thing. 'If your name is on the docket, we will take you to the court house so you can defend yourself.' They wouldn't allow me to attend the hearing to defend myself." He concludes, "I'm asking the court to recognize that I wasn't able to defend myself and grant me another opportunity to defend myself." Jeffrey does not allege that he failed to receive notice of the final hearing.

While Jeffrey contends that he made requests of the jail staff to appear physically at the final hearing, his brief fails to indicate anywhere in the record that he made a timely application to the trial court for a bench warrant or to appear by alternative means, moved for a continuance, or filed any similar request. We recognize the importance of considering the requests of incarcerated individuals to attend hearings in person or appear by alternative means; however, in this case, there was no request for the trial court to consider. *See In re J.A.O.*, No. 09-15-00219-CV, 2016 WL 637742, at *2 (Tex. App.—Beaumont Feb. 18, 2016, no pet.) (mem. op.) (holding that appellant waived complaint about his lack of appearance at SAPCR modification hearing where record showed no request for bench warrant or for alternate means to participate in hearing); *Dunbar v. Khaoua*, No. 03-14-00345-CV, 2015 WL 4999089, at *2 (Tex. App.—Austin Aug. 21, 2015, no pet.) (mem. op.) (holding that appellant waived issues concerning trial court's failure to ensure his appearance at trial where record revealed he made no timely application for bench warrant or similar request); *One (1) 2000 Chevrolet Pickup Truck, Vin 2GCEC19T5Y1311424 v. State*, No. 04-02-00003-CV, 2003 WL 21010603, at *1 (Tex. App.—San Antonio May 7, 2003, pet. denied) (mem. op.) (same); *see also In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (holding that although litigants cannot be denied access to courts simply because they are inmates, they do not have absolute right to appear in person at

4

every court proceeding); *cf. Boulden v. Boulden*, 133 S.W.3d 884, 887 (Tex. App.—Dallas 2004, no pet.) (noting that if trial court denies inmate's request to appear personally at trial, inmate should be allowed to proceed by affidavit, deposition, telephone, or other effective means).

Jeffrey's brief, therefore, presents nothing for our review with respect to his complaint that he was "not allowed" to appear at the divorce hearing. *See* Tex. R. App. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint . . . ."); *Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.) ("We hold pro se litigants to the same procedural standards as we do litigants represented by counsel to avoid giving pro se litigants an unfair advantage.").

We overrule Jeffrey's complaint on appeal and affirm the trial court's final divorce decree.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:  May 21, 2019