

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00303-CV

_____

EX PARTE J.C.

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. CDC4-E-13308-17

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant J.C. appeals from the trial court's dismissal of his pro se petition for expunction, arguing that the dismissal occurred despite his requests to appear by alternate means. The State concedes that the dismissal was an abuse of discretion. We agree and reverse the trial court's final judgment dismissing J.C.'s petition.

## I. BACKGROUND

In 2008, J.C. was arrested for online solicitation of a minor; however, it appears that no charges were filed. Between 2011 and 2013, J.C. was convicted of online solicitation of a minor younger than 14, aggravated sexual assault of a child, sexual assault of a child, and sexual assault of a child younger than 17. On May 8, 2017, J.C. filed a petition for expunction of the 2008 arrest records. At that time, J.C. was incarcerated due to his convictions.

On May 23, the trial court set the petition for a June 27 pretrial conference. J.C. notified the trial court that he was incarcerated and requested a bench warrant so he could attend "all hearings." The State answered J.C.'s petition and argued that he was not entitled to expunction. J.C. moved to continue the pretrial hearing based on a "lock down" at his prison. Although the trial court did not expressly rule on this motion, the trial court notified the parties that the petition was set for a September 26 pretrial conference.[1] This notice was sent to J.C.'s prison address. J.C. then filed

---

[1]It appears from the appellate record that this conference never occurred.

several requests and motions that the trial court never ruled on. Most of these filings were requests for the trial court to take action on his petition.

On March 13, 2018, the trial court placed J.C.'s petition on the April 19 dismissal docket. J.C. attempted to appeal from being placed on the dismissal docket, but we dismissed the appeal for want of jurisdiction on August 30. *Ex parte J.C.*, No. 02-18-00169-CV, 2018 WL 4140640, at *1 (Tex. App.—Fort Worth Aug. 30, 2018, no pet.) (per curiam) (mem. op.). Our mandate issued on November 15. J.C. filed a second notice of appeal on October 4, 2019, after his status requests to the trial court went unanswered. As before, we dismissed this appeal for want of jurisdiction on December 12. *Ex parte J.C.*, No. 02-19-00365-CV, 2019 WL 6767805, at *1 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (mem. op.). We issued our mandate on February 27, 2020.

J.C. continued to ask the trial court to take action on his petition and his motions. On August 4, 2020, the trial court placed J.C.'s petition on the September 14 dismissal docket. The notice was sent to J.C. at his prison address and stated, "**In person appearance not required**"; however, J.C. was informed that the hearing would be held by "Zoom Meeting." The notice gave a secure web address to be used to join the meeting, but the record does not indicate that J.C. received any information about how to join the meeting by phone. On August 26, J.C. requested to attend the September 14 hearing by phone because he did not have access to Zoom in prison. On September 14, a magistrate court judge dismissed J.C.'s petition

3

for want of prosecution because J.C. had not appeared at the Zoom hearing although he had been notified, citing Rule 165a.  *See* Tex. R. Civ. P. 165a.

## II.  PROPRIETY OF DISMISSAL

Now on appeal from the dismissal, J.C. argues that the trial court abused its discretion by dismissing his petition for failing to appear without providing a way for him to do so.  We review the dismissal for an abuse of discretion.  *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). Because the trial court specifically limited its dismissal to Rule 165a and J.C.'s failure to appear, we limit our review to this stated basis.  *See Roberts v. Roberts*, No. 02-19-00223-CV, 2020 WL 6788194, at *2 (Tex. App.—Fort Worth Nov. 19, 2020, no pet.) (mem. op.); *Parnell v. Parnell*, No. 2-09-270-CV, 2010 WL 2331411, at *2 (Tex. App.—Fort Worth June 10, 2010, no pet.) (mem. op.); *Boulden v. Boulden*, 133 S.W.3d 884, 886 (Tex. App.—Dallas 2004, no pet.).

J.C. clearly notified the court that he was incarcerated and requested to attend any hearings by phone.  When the trial court notified J.C. that he was required to appear at the September 14 dismissal hearing by Zoom, he again asked to appear by phone and explained that he was not able to unilaterally access Zoom.  Even so, the trial court dismissed his petition for failing to appear.  Litigants cannot be deprived of court access merely because they are inmates.  *Hudson v. Palmer*, 468 U.S. 517, 523, 104 S. Ct. 3194, 3198 (1984); *Parnell*, 2010 WL 2331411, at *3.  Thus, it is an abuse of discretion to fail to consider and rule on an inmate's request to appear by alternate means.  *See Gamboa v. Alecio*, 604 S.W.3d 513, 516 (Tex. App.—Houston [14th Dist.]

4

2020, no pet.); *Parnell*, 2010 WL 2331411, at *3–4. As the State asserts, the trial court clearly abused its discretion by dismissing J.C.'s petition for failing to appear by Zoom at the September 14 dismissal hearing. *See, e.g.*, *Roberts*, 2020 WL 6788194, at *3–4; *Gamboa*, 604 S.W.3d at 516; *Boulden*, 133 S.W.3d at 886–87. We sustain J.C.'s first issue.[2]

We pause to commend the trial judge (and the magistrate) for carrying on and discharging their duties during the pandemic, despite the many obstacles that presented themselves. This case evidences the real struggle of trial judges who have tried to keep the wheels of justice turning while balancing the demands of due process and access to justice with one-size-fits-all directives that have severely limited the ability of judges to exercise their own discretion in conducting court proceedings. Though we have concluded that the proper balance was not achieved in this case, it is worth noting that this trial court managed to keep the court operational when other forces might have caused other similarly situated officials to not even try.

### III. CONCLUSION

Because the trial court abused its discretion by dismissing J.C.'s expunction petition under Rule 165a without considering his request to appear by alternate

---

[2]We need not address J.C.'s second issue directed to the trial court's failure to rule on his motions because our ruling on his first issue resolves this appeal. *See* Tex. R. App. P. 47.1; *Roberts*, 2020 WL 6788194, at *4; *Parnell*, 2010 WL 2331411, at *4.

means, we reverse the trial court's final judgment and remand this case for further proceedings. *See* Tex. R. App. P. 43.2(d).

/s/ Brian Walker

Brian Walker
Justice

Delivered: August 19, 2021