**In the Matter of the MARRIAGE OF David C. BOLTON and Ellen Beth Bolton.**

No. 05–07–00865–CV.

Court of Appeals of Texas, Dallas.

June 4, 2008.

David C. Bolton, Livingston, pro se.

Ellen Beth Bolton, Plano, pro se.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice WHITTINGTON.

David C. Bolton, an inmate appearing pro se, appeals the trial court's order dismissing his divorce case for want of prosecution. In two issues, Bolton claims the trial judge abused his discretion in dismissing his case for failure to appear. For the reasons that follow, we agree.

■ We review a dismissal for want of prosecution under an abuse of discretion standard. *See WMC Mortgage Corp. v. Starkey,* 200 S.W.3d 749, 752 (Tex.App.-Dallas 2006, pet. denied); *Franklin v. Sherman Indep. Sch. Dist.,* 53 S.W.3d 398, 401 (Tex.App.-Dallas 2001, pet. denied)

(per curiam) (citing *State v. Rotello,* 671 S.W.2d 507, 509 (Tex.1984)). *See also Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999). The trial judge abuses his discretion when he acts without reference to any guiding rules or principles. *WMC Mortgage Corp.,* 200 S.W.3d at 752 (citing *Jimenez v. Transwestern Prop. Co.,* 999 S.W.2d 125, 129 (Tex.App.-Houston [14th Dist.] 1999, no pet)).

■ A trial judge may dismiss a case for want of prosecution under rule 165a for (i) failure to appear or (ii) failure to comply with the supreme court time standards. *See* TEX.R. CIV. P. 165a(1), (2). In addition, the trial judge has inherent power to dismiss a case for want of prosecution. *See Villarreal,* 994 S.W.2d at 630 ("[T]he common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence."); *Franklin,* 53 S.W.3d at 401. *See also* TEX.R. CIV. P. 165a(4).

■ Although an inmate has a constitutional right to access the civil trial courts, that right is not absolute or without limits. *In re Z.L.T.,* 124 S.W.3d 163, 165 (Tex.2003); *In re R.C.R.,* 230 S.W.3d 423, 426 (Tex.App.-Fort Worth 2007, no pet.). "[A]n inmate does not have an absolute right to appear in person in every court proceeding." *In re Z.L.T.,* 124 S.W.3d at 165; *see Sweed v. City of El Paso,* 139 S.W.3d 450, 452 (Tex.App.-El Paso 2004, no pet.) (court should weigh preservation of correctional system's integrity against inmate's right of access with goal of achieving balance that is fundamentally fair). When the trial judge determines an inmate should not be allowed to appear personally, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other effective means. *Boulden v. Boulden,* 133 S.W.3d 884, 886–87 (Tex.

App.-Dallas 2004, no pet.); *see In re R.C.R.*, 230 S.W.3d at 426; *Sweed,* 139 S.W.3d at 452; *In re Marriage of Buster,* 115 S.W.3d 141, 145 (Tex.App.-Texarkana 2003, no pet.).

Bolton filed his original petition for divorce on July 11, 2006. Along with his petition, Bolton filed a document entitled "Inmate Unsworn Declaration of Inability to Pay Costs" and "Petitioner's Motion for Bench Warrant to Attend Final Hearing, and in the Alternative, Motion for Hearing by Conference Call, and in the Alternative, Motion for Court to Accept Affidavit of Testimony." The motion states Bolton is incarcerated in the Texas Department of Criminal Justice Institutional Division and is therefore unable to appear personally in the trial court. In the motion, Bolton requests the trial judge issue a bench warrant to allow him to attend the final hearing. In the alternative, Bolton requests the trial judge conduct the final hearing by conference call or allow him to appear by affidavit.

In mid-January 2007, Bolton sent a letter to the Collin County District Clerk "in an effort to get [his] case before the Court." Bolton asked to have his wife served by publication, reminded the clerk that he was indigent, and included a proposed "Final Decree of Divorce" for the trial judge's consideration. In a communication dated February 21, 2007, the trial judge informed Bolton his case would be dismissed for want of prosecution on April 7, 2007 unless Bolton (i) disposed of the case or (ii) delivered to the court coordinator a written request for final trial setting. In response, Bolton filed a request for a final trial setting. The trial judge set the case for trial June 18, 2007. On that day, Bolton's case was called and when no one appeared, the judge signed an order dismissing Bolton's case for want of prosecution. Thereafter, Bolton filed a motion for new trial, a verified motion to reinstate the case under civil procedure rule 165a, and his notice of appeal.

The record shows Bolton could not physically appear in court and, being indigent, he could not retain the services of an attorney to appear on his behalf. Bolton informed the trial judge of these facts in his motions and letters. Bolton moved for a bench warrant or alternative means of appearing. By requiring Bolton to appear at a hearing while not acting on his motion for a bench warrant or to conduct the hearing by telephone conference or other means, the trial judge effectively closed the courthouse doors to Bolton. *Boulden,* 133 S.W.3d at 886. We conclude, under these circumstances, the trial judge abused his discretion in dismissing the case for want of prosecution. *See Boulden,* 133 S.W.3d at 887; *see also In re R.C.R.,* 230 S.W.3d at 426–27; *Sweed,* 139 S.W.3d at 453; *In re Marriage of Buster,* 115 S.W.3d at 145. We sustain Bolton's issues on appeal.

We reverse the trial court's order dismissing the case for want of prosecution and remand this case to the trial court for further proceedings consistent with this opinion.