

## NUMBER 13-07-00694-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

RICHARD EUGENE SIMMONS,                                          Appellant,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE -
INSTITUTIONAL DIVISION AND CORRECTIONS
CORPORATION OF AMERICA,                                          Appellee.

### On appeal from the 197th District Court
### of Willacy County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Richard Eugene Simmons, an inmate appearing pro se, appeals the trial

court's order dismissing his personal injury suit for want of prosecution. In three issues,

Simmons claims that the trial court abused its discretion by (1) dismissing his case for

failure to appear; (2) dismissing the case without ruling on his motion for bench warrant; and (3) not ruling on his motion to vacate the judgment and reinstate the case. We reverse and remand.

## I. BACKGROUND

On October 31, 2005, Simmons, proceeding *pro se* and *in forma pauperis*, sued the Texas Department of Criminal Justice–Institutional Division ("TDCJ") and Corrections Corporation of America for personal injuries he allegedly sustained when a guard accidently dropped a "gas grenade" in Simmons's dormitory during a routine patrol.[1] TCDJ answered Simmons's petition on April 4, 2006. Although the record indicates that Corrections Corporation was served with citation, it does not contain any pleading filed by Corrections Corporation. On August 10, 2006, Simmons filed a change of address form indicating that he was released on parole and notifying the clerk of his new address.

On August 1, 2007, the trial court issued an order setting a hearing for dismissal for want of prosecution. The order stated that the case would be dismissed unless "in open [c]ourt good cause be shown for the case to be maintained on the docket." Simmons subsequently filed the following: (1) an affidavit to show good cause; (2) a change of address form; (3) a motion to issue a bench warrant and order to appear; (4) a motion for appointment of counsel; and (5) a motion to provide a copy of the record. According to Simmons's affidavit: he was re-incarcerated on a "technical parole violation"; he lost all of the pleadings and papers relating to his suit; and TDCJ did not permit him to copy a manual on the use of force, which was necessary to fully investigate the claims.

---

[1] Simmons filed suit without completing TDCJ's grievance system procedure. Therefore, the trial court stayed any action on the suit until completion of the grievance system procedure. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(c) (Vernon 2002). On January 4, 2006, Simmons filed a complete step-two grievance form, which stated that no further action was warranted.

The trial court did not act on any of Simmons's motions. Instead, on September 6, 2007, the trial court dismissed Simmons's suit for want of prosecution. On October 5, 2007, Simmons filed a motion to vacate judgment and reinstate the case. The record does not show any ruling by the trial court on Simmons's post-dismissal motion. This appeal followed.

## II. DISCUSSION

We review a dismissal for want of prosecution under an abuse of discretion standard. *See WMC Mortgage Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.–Dallas 2006, pet. denied); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.–Dallas 2001, pet. denied) (per curiam) (citing *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984)); *see also Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). The trial court abuses its discretion when it acts without reference to any guiding rules or principles. *WMC Mortgage Corp.*, 200 S.W.3d at 752 (citing *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.–Houston [14th Dist.] 1999, no pet.)).

A trial court may dismiss a case for want of prosecution under rule 165a for (1) failure to appear or (2) failure to comply with the supreme court time standards. *See* TEX. R. CIV. P. 165a(1), (2). In addition, the trial court has inherent power to dismiss a case for want of prosecution. *See Villarreal*, 994 S.W.2d at 630 ("[T]he common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence."); *Franklin*, 53 S.W.3d at 401; *see also* TEX. R. CIV. P. 165a(4).

Although an inmate has a constitutional right to access the civil trial courts, that right

3

is not absolute or without limits. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *In re R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.–Fort Worth 2007, no pet.). "[A]n inmate does not have an absolute right to appear in person in every court proceeding." *In re Z.L.T.*, 124 S.W.3d at 165; *see also Sweed v. City of El Paso*, 139 S.W.3d 450, 452 (Tex. App.–El Paso 2004, no pet.) (court should weigh preservation of correctional system's integrity against inmate's right of access with goal of achieving balance that is fundamentally fair). When the trial judge determines an inmate should not be allowed to appear personally, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other effective means. *Boulden v. Boulden*, 133 S.W.3d 884, 886-87 (Tex. App.–Dallas 2004, no pet.); *see In re R.C.R.*, 230 S.W.3d at 426; *Sweed*, 139 S.W.3d at 452; *In re Marriage of Buster*, 115 S.W.3d 141, 145 (Tex. App.–Texarkana 2003, no pet.).

The facts in this case are similar to the facts in *In re Marriage of Bolton*, 256 S.W.3d 832 (Tex. App.–Dallas 2008, no pet.). In that case, a pro se inmate could not personally appear at the dismissal hearing for his divorce action because he was incarcerated and, because he was indigent, he could not retain the services of an attorney to appear on his behalf. *Id*. at 834. Additionally, the inmate had informed the trial judge of these facts in his motions and letters, and he moved for a bench warrant or alternative means of appearing. *Id*. The trial court ignored the inmate's motions and dismissed the case because he failed to appear. *Id*. The court of appeals held that the trial court abused its discretion in dismissing the case. *Id*. The court's rationale was that by requiring the inmate to appear at a hearing, while not acting on his motion for a bench warrant or to conduct the hearing by telephone conference or other means, the trial court effectively closed the

courthouse doors to the inmate. *Id*. (citing *Boulden*, 133 S.W.3d at 886).

This case is no different than *Bolton*. The record does not show that the trial court ruled on Simmons's motion for a bench warrant or that the trial court provided Simmons with an opportunity to be heard, such as by affidavit, deposition, telephone, or other effective means. *See Boulden*, 133 S.W.3d at 886-87. We conclude that the trial court closed the courthouse doors in this case by not providing Simmons with an opportunity to be heard at the dismissal hearing and that such action was an abuse of discretion. *Id*. Simmons's first and second issues are sustained.[2]

## III. CONCLUSION

We reverse the trial court's order dismissing the case for want of prosecution and remand this case to the trial court for further proceedings consistent with this opinion.

ROGELIO VALDEZ
Chief Justice

Memorandum Opinion delivered and
filed this the 30th day of October, 2008.

---

[2] We need not address Simmons's third issue, as it would not further affect the outcome of this appeal. *See* TEX. R. APP. P. 47.1.