

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-09-270-CV**

JOSHUA LEE PARNELL                                          APPELLANT

V.

JACQUELINE LOIS PARNELL                                     APPELLEE

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In two points, appellant Joshua Lee Parnell, proceeding pro se, appeals the trial court's order dismissing his divorce case for want of prosecution. We reverse and remand.

### Background Facts

In February 2009, Joshua, who is confined in a prison located in Fort Stockton, filed an original petition for divorce in Tarrant County. The petition alleged, among other facts, that Joshua's marriage to appellee Jacqueline Lois Parnell has

---

[1] *See* Tex. R. App. P. 47.4.

become insupportable because of a conflict of personalities and because Jacqueline gave birth to another man's child. Service of citation was attempted on Jacqueline by certified mail at the address that Joshua had provided for her in the petition,[2] but the certified letter was returned as unclaimed.

Joshua wrote letters to the district clerk in April and May 2009 stating that he could not appear in person because he is an inmate but requesting that his divorce be finalized through an affidavit. The trial court's coordinator responded to Joshua's May letter by informing him that his case was "not ready for prove up as service has not been completed." Also in May, the trial court issued a document titled "NOTICE OF DISMISSAL FOR THE 233rd JUDICIAL DISTRICT COURT." The notice states in part,

> In accordance with Rule 165a, the following cases have been placed on a dismissal docket and will be DISMISSED FOR WANT OF PROSECUTION on July 29, 2009 at 9:00 A.M. unless there is good cause for the case to be maintained on the docket, or the case has been tried or otherwise disposed of by order of the court **PRIOR TO THAT DATE.**
> Failure to appear without excuse will result in the dismissal of the case for want of prosecution or finalization of this matter. **Any subsequent filings after the dismissal notice has been submitted WILL NOT remove the case from dismissal docket.** It will be necessary to contact the Court Coordinator if a case has subsequent filings OR your case will be dismissed.

The notice, which appellant concedes that he received, then stated in larger font that a "personal appearance is required to remove a case from this dismissal docket" and

---

[2] *See* Tex. R. Civ. P. 106(a)(2); *Taylor v. State*, 293 S.W.3d 913, 916 n.1 (Tex. App.—Austin 2009, no pet.).

listed several cases that were scheduled for dismissal, including Joshua's divorce case.

In June 2009, Joshua filed an unsworn declaration stating that the facts contained in his petition were true, and he also filed a motion asking the court to accept the declaration to support his petition.[3] In an apparent attempt to comply with the trial court's dismissal notice by contacting the court coordinator, Joshua also sent a letter to the trial court that he titled "APPEARANCE BY MOTION FOR ACCEPTANCE OF AFFIDAVIT OF TESTIMONY." The letter reads in part as follows:

> District Court,
> Enclosed find my "MOTION FOR ACCEPTANCE OF AFFIDAVIT OF TESTIMONY" to proceed with my original divorce suit I filed on 2/24/09 . . . .
> Presently, I find myself completing my prison term and the Texas Department of Criminal Justice does not bench warrant prisoners to a civil matter/suit[.] [T]he motion affidavit self explains my presence in this suit.

Joshua also filed a proposed final divorce decree and other documents. On July 30, 2009 (five months after Joshua filed his suit and a month after he attempted to appear in the proceeding by his affidavit), the trial court dismissed Joshua's case for want of prosecution, stating,

> After due notice, as required by the rules of civil procedure, the above styled caused [sic] was reached and called for trial on

---

[3] Texas law allows inmates to use unsworn declarations in lieu of verified affidavits. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (Vernon Supp. 2009); *Smith v. McCorkle*, 895 S.W.2d 692, 692–93 (Tex. 1995) (orig. proceeding).

3

07/29/2009, in the 233rd District Court, . . . and the respective petitioner failed to appear in person or by attorney and prosecute their cause of action in this case.

IT IS ORDERED that this cause of action be DISMISSED FOR WANT OF PROSECUTION . . . .

Joshua filed notice of this appeal.

## Dismissal for Want of Prosecution

Joshua's brief contains two related points contending that the trial court erred by dismissing his case. We review a trial court's dismissal for want of prosecution for an abuse of discretion. *Ringer v. Kimball*, 274 S.W.3d 865, 867 (Tex. App.—Fort Worth 2008, no pet.); *Sellers v. Foster*, 199 S.W.3d 385, 390 (Tex. App.—Fort Worth 2006, no pet.). To determine whether a trial court abused its discretion, we must decide whether the court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Ringer*, 274 S.W.3d at 867. Merely because a trial court may decide a matter within its discretion differently than an appellate court would in similar circumstances does not demonstrate an abuse of discretion. *Id.*

A trial court has authority to dismiss a case for want of prosecution under either rule of civil procedure 165a or the court's inherent power to maintain and control its docket. *Id.*; *see Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 839 (Tex. App.—Fort Worth 1999, no pet.). Under rule 165a, a trial court may dismiss a case for want of prosecution on the failure of a party seeking affirmative relief to appear for a hearing

4

or trial if the party had notice that dismissal could result from the party's failure to appear. Tex. R. Civ. P. 165a(1) (explaining that at "the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket"); *Ringer*, 274 S.W.3d at 867.

A trial court may dismiss under its inherent power when a plaintiff fails to prosecute his or her case with due diligence. *Ringer*, 274 S.W.3d at 867; *see Villareal*, 994 S.W.2d at 630. However, when the trial court indicates that it is dismissing a case under rule 165a instead of through its inherent power, we may only affirm the dismissal if it was proper under rule 165a. *See Villareal*, 994 S.W.2d at 631–33; *Johnson-Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 88 (Tex. App.—Fort Worth 2002, pet. dism'd) (explaining that notice "that a case may be dismissed for failure to appear at a hearing, as authorized by rule 165a, does not constitute adequate notice that the trial court may exercise its inherent authority to dismiss a case for want of prosecution"); *Lopez v. Harding*, 68 S.W.3d 78, 80–81 (Tex. App.—Dallas 2001, no pet.).

In part of his first point, Joshua contends that the trial court erred when it dismissed his divorce case for want of prosecution because the court deprived him of a meaningful opportunity to be heard. "It is well established that litigants cannot be denied access to the courts simply because they are inmates." *Ringer*, 274 S.W.3d at 867–68 (explaining that an inmate's right of access to court must be weighed against the correctional system's integrity); *see In re Z.L.T.*, 124 S.W.3d

5

163, 165 (Tex. 2003). "A trial court's refusal to consider and rule upon a prisoner's request to appear in a civil proceeding personally or by other means, such that the inmate has been effectively barred from presenting his case, constitutes an abuse of discretion." *In re B.R.G.*, 48 S.W.3d 812, 820 (Tex. App.—El Paso 2001, no pet.); *see In re R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.—Fort Worth 2007, no pet.) ("[I]f a court determines that a pro se inmate in a civil action is not entitled to leave prison to appear personally in court, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other means."); *In re D.D.J.*, 136 S.W.3d 305, 314–15 (Tex. App.—Fort Worth 2004, no pet.) (reversing the trial court's judgment because it made no accommodation for an inmate litigant to participate at trial). And under rule 165a, there must be an "opportunity to be heard before a case is dismissed for want of prosecution." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 852 (Tex. 2004).

The Dallas Court of Appeals recently reviewed a trial court's dismissal of an inmate's divorce case for want of prosecution. *In re Marriage of Bolton*, 256 S.W.3d 832, 833 (Tex. App.—Dallas 2008, no pet.). In *Bolton*, the appellant filed a motion in the trial court to appear through a bench warrant or by alternative means like an affidavit. *Id.* at 834. Like Joshua, the appellant also sent a letter to the court that included a proposed final decree of divorce. *Id.* When the appellant did not appear at trial, the judge dismissed the appellant's case for want of prosecution. *Id.* The Dallas court held,

6

> By requiring Bolton to appear at a hearing while not acting on his motion for a bench warrant or to conduct the hearing by telephone conference or other means, the trial judge effectively closed the courthouse doors to Bolton. We conclude, under these circumstances, the trial judge abused his discretion in dismissing the case for want of prosecution.

*Id.* (citation omitted). In a similar case, the Dallas court reversed a trial court's dismissal of a divorce case for want of prosecution because the appellant, who was incarcerated, proposed means of appearing other than personal appearance, and by implicitly denying the appellant's proposal and dismissing his case, the trial court closed its doors to the appellant and abused its discretion. *Boulden v. Boulden*, 133 S.W.3d 884, 886–87 (Tex. App.—Dallas 2004, no pet.); *see In re Marriage of Buster*, 115 S.W.3d 141, 144–45 (Tex. App.—Texarkana 2003, no pet.) (holding similarly).

The trial court's dismissal order reveals that the court dismissed Joshua's case only because he failed to appear at the July 29, 2009 hearing.[4] However, the record shows that Joshua had explained to the court that he could not appear in

---

[4] We note that the trial court's order does not state that it dismissed Joshua's case because the unsworn declaration that he filed failed to establish good cause for maintaining his case on the court's docket. *See* Tex. R. Civ. P. 165a(1). We also note that neither the trial court's notice of dismissal nor its order of dismissal indicates that the trial court dismissed Joshua's case because he had not served Jacqueline. *See Shook v. Gilmore & Tatge Mfg. Co.*, 951 S.W.2d 294, 296 (Tex. App.—Waco 1997, pet. denied) (explaining that "if the dismissal order lists a particular reason for the dismissal, then the appellate court's review is limited to whether the dismissal was proper based on the ground specified by the trial court"); *see also Sellers*, 199 S.W.3d at 391 ("Because the record in this case does not contain formal findings of fact or conclusions of law *and the dismissal order does not specify the reason for dismissal* other than to generally dismiss for 'want of prosecution,' we must affirm the trial court's judgment on any theory supported by the record.") (emphasis added).

person (because he believed that he could not secure a bench warrant) and had asked to appear and present testimony by his unsworn declaration. The trial court did not expressly rule on Joshua's request to appear by his unsworn declaration; thus, it "dismissed [Joshua's] case for failure to appear without providing [Joshua] any means to appear. This is fundamentally unfair and denied [Joshua] access to the courts." *See R.C.R.*, 230 S.W.3d at 427 (footnote omitted).

We recognize that Joshua could have filed a motion explicitly asking the trial court to issue a bench warrant so that he could have traveled several hundred miles from Fort Stockton to Fort Worth to appear in person at the dismissal hearing. But inmates do not have an absolute right to appear personally at civil proceedings, and they must justify the need for their appearance at such proceedings under factors that include the cost and convenience of transportation. *See Z.L.T.,* 124 S.W.3d at 165; *Ringer*, 274 S.W.3d at 867–68; *Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 342 (Tex. App.—Corpus Christi 1997, no pet.). We have not found authority indicating that Joshua's decision to not specifically request a bench warrant to allow for his personal appearance waives his right of access to court when he made a good faith request to appear by other means. *Cf. Smith v. Tex. Bd. of Pardons and Paroles*, No. 02-02-00035-CV, 2003 WL 22724996, at *1 (Tex. App.—Fort Worth Nov. 20, 2003, no pet.) (mem. op.) (holding that the appellant waived a complaint concerning his right of access to court when the appellant did not request a bench warrant *or otherwise seek access* to the court at the trial level).

For these reasons, we hold that the trial court abused its discretion by dismissing Joshua's case for want of prosecution. We sustain his first point, and we will not address his second point because the sustaining of his first point resolves the appeal. *See* Tex. R. App. P. 47.1; *Hawkins v. Walker*, 233 S.W.3d 380, 395 n.47 (Tex. App.—Fort Worth 2007, pet. denied).

## Conclusion

Having sustained Joshua's first point, we reverse the trial court's judgment dismissing his case for want of prosecution, and we remand this case to the trial court for further proceedings.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DELIVERED: June 10, 2010

9