COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-270-CV

 

 

JOSHUA LEE PARNELL                                                                     APPELLANT

 

                                                             V.

 

JACQUELINE LOIS PARNELL                                                              APPELLEE

 

                                                       ------------

 

              FROM
THE 233RD DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

In two points,
appellant Joshua Lee Parnell, proceeding pro se, appeals the trial court=s order dismissing
his divorce case for want of prosecution. We reverse and remand.

Background Facts








In February 2009,
Joshua, who is confined in a prison located in Fort Stockton, filed an original
petition for divorce in Tarrant County. 
The petition alleged, among other facts, that Joshua=s marriage to appellee
Jacqueline Lois Parnell has become insupportable because of a conflict of
personalities and because Jacqueline gave birth to another man=s child.  Service of citation was attempted on
Jacqueline by certified mail at the address that Joshua had provided for her in
the petition,[2]
but the certified letter was returned as unclaimed.

Joshua wrote
letters to the district clerk in April and May 2009 stating that he could not
appear in person because he is an inmate but requesting that his divorce be
finalized through an affidavit.  The
trial court=s coordinator responded to Joshua=s May letter by
informing him that his case was Anot ready for
prove up as service has not been completed.@  Also in May, the trial court issued a
document titled ANOTICE OF DISMISSAL FOR THE 233rd
JUDICIAL DISTRICT COURT.@ 
The notice states in part,

In accordance with Rule 165a, the following cases have been
placed on a dismissal docket and will be DISMISSED FOR WANT OF PROSECUTION on
July 29, 2009 at 9:00 A.M. unless there is good cause for the case to be
maintained on the docket, or the case has been tried or otherwise disposed of
by order of the court PRIOR TO THAT DATE. 

Failure to appear without excuse will result in the
dismissal of the case for want of prosecution or finalization of this matter. Any subsequent
filings after the dismissal notice has been submitted WILL NOT remove the case
from dismissal docket. 
It will be necessary to contact the Court Coordinator if a
case has subsequent filings OR your case will be dismissed.

 








The notice, which appellant concedes that
he received, then stated in larger font that a Apersonal
appearance is required to remove a case from this dismissal docket@ and listed
several cases that were scheduled for dismissal, including Joshua=s divorce case.

In June 2009,
Joshua filed an unsworn declaration stating that the facts contained in his
petition were true, and he also filed a motion asking the court to accept the
declaration to support his petition.[3]  In an apparent attempt to comply with the
trial court=s dismissal notice by contacting the court
coordinator, Joshua also sent a letter to the trial court that he titled AAPPEARANCE BY
MOTION FOR ACCEPTANCE OF AFFIDAVIT OF TESTIMONY.@  The letter reads in part as follows:

District Court,

Enclosed find my AMOTION FOR ACCEPTANCE OF AFFIDAVIT OF TESTIMONY@ to proceed with my original
divorce suit I filed on 2/24/09 . . . .

Presently, I find
myself completing my prison term and the Texas Department of Criminal Justice
does not bench warrant prisoners to a civil matter/suit[.]  [T]he motion affidavit self explains my
presence in this suit.

Joshua also filed a proposed final divorce
decree and other documents.  On July 30,
2009 (five months after Joshua filed his suit and a month after he attempted to
appear in the proceeding by his affidavit), the trial court dismissed Joshua=s case for want of
prosecution, stating,








After due notice, as required by the rules of civil
procedure, the above styled caused [sic] was reached and called for trial on
07/29/2009, in the 233rd District Court, . . . and the respective petitioner
failed to appear in person or by attorney and prosecute their cause of action
in this case.

THEREFORE, IT IS
ORDERED that this cause of action be DISMISSED FOR WANT OF PROSECUTION . . . . 

Joshua filed notice of this appeal.

Dismissal for Want of Prosecution

Joshua=s brief contains
two related points contending that the trial court erred by dismissing his
case.  We review a trial court=s dismissal for
want of prosecution for an abuse of discretion. 
Ringer v. Kimball, 274 S.W.3d 865, 867 (Tex. App.CFort Worth 2008,
no pet.); Sellers v. Foster, 199 S.W.3d 385, 390 (Tex. App.CFort Worth 2006,
no pet.).  To determine whether a trial
court abused its discretion, we must decide whether the court acted without
reference to any guiding rules or principles; in other words, we must decide
whether the act was arbitrary or unreasonable. 
Ringer, 274 S.W.3d at 867. 
Merely because a trial court may decide a matter within its discretion
differently than an appellate court would in similar circumstances does not
demonstrate an abuse of discretion.  Id.








A trial court has
authority to dismiss a case for want of prosecution under either rule of civil
procedure 165a or the court=s inherent power
to maintain and control its docket.  Id.;
see Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630
(Tex. 1999); Maida v. Fire Ins. Exch., 990 S.W.2d 836, 839 (Tex. App.CFort Worth 1999,
no pet.).  Under rule 165a, a trial court
may dismiss a case for want of prosecution on the failure of a party seeking
affirmative relief to appear for a hearing or trial if the party had notice
that dismissal could result from the party=s failure to
appear.  Tex. R. Civ. P. 165a(1)
(explaining that at Athe dismissal hearing, the court shall
dismiss for want of prosecution unless there is good cause for the case to be
maintained on the docket@); Ringer, 274 S.W.3d at 867.  

A trial court may
dismiss under its inherent power when a plaintiff fails to prosecute his or her
case with due diligence.  Ringer,
274 S.W.3d at 867; see Villareal, 994 S.W.2d at 630.  However, when the trial court indicates that
it is dismissing a case under rule 165a instead of through its inherent power,
we may only affirm the dismissal if it was proper under rule 165a. See Villareal, 994
S.W.2d at 631B33; Johnson‑Snodgrass v. KTAO,
Inc., 75 S.W.3d 84, 88 (Tex. App.CFort Worth 2002,
pet. dism=d) (explaining that notice Athat a case may be
dismissed for failure to appear at a hearing, as authorized by rule 165a, does
not constitute adequate notice that the trial court may exercise its inherent
authority to dismiss a case for want of prosecution@); Lopez v.
Harding, 68 S.W.3d 78, 80B81 (Tex. App.CDallas 2001, no
pet.).








In part of his
first point, Joshua contends that the trial court erred when it dismissed his
divorce case for want of prosecution because the court deprived him of a
meaningful opportunity to be heard.  AIt is well
established that litigants cannot be denied access to the courts simply because
they are inmates.@  Ringer, 274 S.W.3d at 867B68 (explaining
that an inmate=s right of access to court must be weighed
against the correctional system=s integrity); see
In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003).  AA trial court=s refusal to
consider and rule upon a prisoner=s request to
appear in a civil proceeding personally or by other means, such that the inmate
has been effectively barred from presenting his case, constitutes an abuse of
discretion.@  In
re B.R.G., 48 S.W.3d 812, 820 (Tex. App.CEl Paso 2001, no
pet.); see In re R.C.R., 230 S.W.3d 423, 426 (Tex. App.CFort Worth 2007,
no pet.) (A[I]f a court determines that a pro se
inmate in a civil action is not entitled to leave prison to appear personally
in court, the inmate should be allowed to proceed by affidavit, deposition,
telephone, or other means.@); In re D.D.J.,
136 S.W.3d 305, 314B15 (Tex. App.CFort Worth 2004,
no pet.) (reversing the trial court=s judgment because
it made no accommodation for an inmate litigant to participate at trial).  And under rule 165a, there must be an Aopportunity to be
heard before a case is dismissed for want of prosecution.@  Alexander v. Lynda=s Boutique, 134 S.W.3d 845,
852 (Tex. 2004).

The Dallas Court
of Appeals recently reviewed a trial court=s dismissal of an
inmate=s divorce case for
want of prosecution.  In re Marriage
of Bolton, 256 S.W.3d 832, 833 (Tex. App.CDallas 2008, no
pet.).  In Bolton, the appellant
filed a motion in the trial court to appear through a bench warrant or by
alternative means like an affidavit.  Id.
at 834.  Like Joshua, the appellant also
sent a letter to the court that included a proposed final decree of
divorce.  Id. When the appellant
did not appear at trial, the judge dismissed the appellant=s case for want of
prosecution.  Id.  The Dallas court held, 








By
requiring Bolton to appear at a hearing while not acting on his motion for a
bench warrant or to conduct the hearing by telephone conference or other means,
the trial judge effectively closed the courthouse doors to Bolton.  We conclude, under these circumstances, the
trial judge abused his discretion in dismissing the case for want of
prosecution.

 

Id. (citation omitted).  In a similar case, the Dallas court reversed
a trial court=s dismissal of a divorce case for want of
prosecution because the appellant, who was incarcerated, proposed means of
appearing other than personal appearance, and by implicitly denying the
appellant=s proposal and dismissing his case, the
trial court closed its doors to the appellant and abused its discretion.  Boulden v. Boulden, 133 S.W.3d 884,
886B87 (Tex. App.CDallas 2004, no
pet.); see In re Marriage of Buster, 115 S.W.3d 141, 144B45 (Tex. App.CTexarkana 2003, no
pet.) (holding similarly).








The trial court=s dismissal order
reveals that the court dismissed Joshua=s case only
because he failed to appear at the July 29, 2009 hearing.[4]
However, the record shows that Joshua had explained to the court that he
could not appear in person (because he believed that he could not secure a
bench warrant) and had asked to appear and present testimony by his unsworn
declaration.  The trial court did not expressly
rule on Joshua=s request to appear by his unsworn
declaration; thus, it Adismissed [Joshua=s] case for
failure to appear without providing [Joshua] any means to appear.  This is fundamentally unfair and denied
[Joshua] access to the courts.@  See R.C.R., 230 S.W.3d at 427
(footnote omitted).  

We recognize that
Joshua could have filed a motion explicitly asking the trial court to issue a
bench warrant so that he could have traveled several hundred miles from Fort
Stockton to Fort Worth to appear in person at the dismissal hearing.  But inmates do not have an absolute right to
appear personally at civil proceedings, and they must justify the need for
their appearance at such proceedings under factors that include the cost and
convenience of transportation.  See Z.L.T., 124 S.W.3d at 165;
Ringer, 274 S.W.3d at 867B68; Pedraza v.
Crossroads Sec. Sys., 960 S.W.2d 339, 342 (Tex. App.CCorpus Christi
1997, no pet.).  We have not found
authority indicating that Joshua=s decision to not
specifically request a bench warrant to allow for his personal appearance
waives his right of access to court when he made a good faith request to appear
by other means.  Cf. Smith v. Tex. Bd.
of Pardons and Paroles, No. 02‑02‑00035‑CV, 2003 WL
22724996, at *1 (Tex. App.CFort Worth Nov.
20, 2003, no pet.) (mem. op.) (holding that the appellant waived a complaint
concerning his right of access to court when the appellant did not request a
bench warrant or otherwise seek access to the court at the trial level).








For these reasons,
we hold that the trial court abused its discretion by dismissing Joshua=s case for want of
prosecution.  We sustain his first point,
and we will not address his second point because the sustaining of his first
point resolves the appeal.  See
Tex. R. App. P. 47.1; Hawkins v. Walker, 233 S.W.3d 380, 395 n.47 (Tex.
App.CFort Worth 2007,
pet. denied).

Conclusion

Having sustained
Joshua=s first point, we
reverse the trial court=s judgment dismissing his case for want of
prosecution, and we remand this case to the trial court for further proceedings.

 

TERRIE LIVINGSTON

CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

 

DELIVERED:  June 10, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Civ. P. 106(a)(2); Taylor
v. State, 293 S.W.3d 913, 916 n.1 (Tex. App.CAustin 2009, no pet.).





[3]Texas law allows inmates to use
unsworn declarations in lieu of verified affidavits.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 132.001 (Vernon Supp. 2009); Smith
v. McCorkle, 895 S.W.2d 692, 692B93 (Tex. 1995) (orig. proceeding).





[4]We note that the trial court=s order does not state that it
dismissed Joshua=s case because the unsworn
declaration that he filed failed to establish good cause for maintaining his
case on the court=s docket.  See Tex. R. Civ. P. 165a(1).  We also note that neither the trial court=s notice of dismissal nor its order
of dismissal indicates that the trial court dismissed Joshua=s case because he had not served
Jacqueline.  See Shook v. Gilmore
& Tatge Mfg. Co., 951 S.W.2d 294, 296 (Tex. App.CWaco 1997, pet. denied) (explaining
that Aif the dismissal order lists a particular
reason for the dismissal, then the appellate court=s review is limited to whether the
dismissal was proper based on the ground specified by the trial court@); see also Sellers, 199
S.W.3d at 391 (ABecause the record in this case
does not contain formal findings of fact or conclusions of law and the
dismissal order does not specify the reason for dismissal other than to
generally dismiss for >want of prosecution,= we must affirm the trial court=s judgment on any theory supported
by the record.@) (emphasis added).