REVERSE and REMAND; Opinion issued November 8, 2012



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-10-01154-CV

CLEVELAND GREEN, III, Appellant

V.

MARY ALICE KAPOSTA, Appellee

On Appeal from the 256th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-08-00007

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Morris

This appeal follows a second order of dismissal for want of prosecution in Cleveland Green, III's suit for divorce. Green contends, as he did in his appeal of the trial court's first order of dismissal, that the trial court erred in dismissing his case without allowing him to appear at the dismissal hearing either in person or by alternative means. We sustained Green's issues in his first appeal and, based on essentially identical facts, we do so again. Accordingly, we reverse the trial court's second order of dismissal and remand the cause for further proceedings.

I.

Cleveland Green, III is an inmate in a Texas penitentiary appearing pro se. Green filed his original petition for divorce on January 2, 2008 and requested service of citation on Mary Alice

Kaposta at her last known address or service by publication. Along with his petition, Green filed an affidavit of inability to pay costs.

Less than two weeks after the suit was filed, the trial court sent Green a notice of dismissal for want of prosecution setting a hearing for July 8, 2008. Green responded by filing a good cause motion and a request to appear at the hearing by alternative means. Green filed a second motion to appear by alternative means on April 18. Without ruling on either of Green's motions, the trial court dismissed the suit on July 10. Green appealed.

On November 24, 2009, this Court issued an opinion concluding that the trial court abused its discretion in dismissing Green's suit without acting on his motion to appear at the dismissal hearing through alternative means. *See Green v. Kaposta,* No. 05-08-01041-CV, 2009 WL 4045249, at *1 (Tex. App.—Dallas Nov. 24, 2009, no pet.) (mem. op.). We reversed the trial court's order and remanded the cause for further proceedings. The mandate issued on February 8, 2010.

Approximately two months after we issued our mandate, the trial court again sent Green a notice of dismissal for want of prosecution setting a hearing for May 11, 2010. Green again responded by filing good cause motion and a request to appear either through a bench warrant or by alternative means. On June 27, Green sent both this Court and the trial court a letter stating that the trial court had "ignored all attempts to ascertain whether or not the Court acknowledged [Green's] pleadings or issued an order of dismissal." Finally, on August 5, 2010, the trial court signed an order stating "this case was reached on the docket and there being a failure to prosecute same, the court is of the opinion that said case should be dismissed for want of prosecution." Green appeals the trial court's second order of dismissal.

## II.

This appeal is, in all material respects, identical to Green's earlier appeal. The record shows

that Green could not physically appear in court absent a bench warrant and, being indigent, he could not retain the services of an attorney to appear on his behalf. The trial court was informed of these facts through Green's pleadings, motions, and letters as well as this Court's November 2009 opinion. As our previous opinion also informed the trial court, it is an abuse of discretion to require Green to appear at the dismissal hearing and then dismiss Green's suit for want of prosecution without acting on his motion to appear. *See id.* at *1; *see also In re Marriage of Bolton*, 256 S.W.3d 832, 833 (Tex. App.—Dallas 2008, no pet.). Even if the trial court determined that Green should not be allowed to appear personally, Green should have been allowed to proceed by affidavit, deposition, telephone, or other effective means. *See Bolton*, 256 S.W.3d at 833. Because the trial court has again abused its discretion by dismissing Green's case for want of prosecution without acting on his motion to appear, we reverse the trial court's order and remand the cause for further proceedings. Based on this conclusion, it is unnecessary for us to address Green's other arguments.

JOSEPH B. MORRIS
JUSTICE

101154F.P05

-3-



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CLEVELAND GREEN, III, Appellant

No. 05-10-01154-CV        V.

MARY ALICE KAPOSTA, Appellee

Appeal from the 256th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. DF-08-00007).
Opinion delivered by Justice Morris, Justices Francis and Murphy participating..

 

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for new trial. It is **ORDERED** that all parties bear their own costs on appeal.

Judgment entered November 8, 2012.

JOSEPH B. MORRIS
JUSTICE