**Reverse and Remand and Opinion Filed April 21, 2020**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00360-CV

### RONALD SUTHERLAND, Appellant
### V.
### HEATHER MICHELLE MAUM NEE BEAM, DEREK RENSHAW, AND
### THE ESTATE OF GERALD AND/OR BERTIE BEAM, Appellees

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-16303**

## MEMORANDUM OPINION

Before Justices Osborne, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

Ronald Sutherland appeals the trial court's order dismissing his case for want of prosecution. We reverse the trial court's order and remand the case for further proceedings.

Sutherland sued appellees for theft of services, theft, and fraud. Sutherland was incarcerated at the time, and he appeared pro se. On October 29, 2018, he filed his original petition with an affidavit of inability to pay, and he asked the court to "grant the right to him to proceed without pre-payment of filing fees and order the defendants be served with process and answer this Petition." Through November

and December, Sutherland sent at least three letters to the District Clerk, following up on the status of his case and asking for the cause number and court to which the case was assigned. The record does not contain any response to his inquiries. Throughout the pendency of the suit, Sutherland kept the court aware of his address whenever he was moved to a different facility.

By letter dated January 22, 2019, the court notified Sutherland that his case had been set for dismissal on February 25, 2019. The notice stated that if no answer had been filed, Sutherland was expected to have moved for a default judgment by that date; if he did not move for a default judgment, then the case would be dismissed. The notice stated further that if he had been unable to obtain service by that date, he "must appear" then, unless he had obtained a new setting from the court coordinator.

On January 28, Sutherland contacted the court, stating that he had not been advised of the status of his case. Again, our record does not contain any response from court personnel. On February 12, Sutherland filed the following:

- a proposed default judgment and a certification of the last-known address of the defendants,

- his verified Motion to Appear by Video/Teleconference or Application for Bench Warrant (the Motion to Appear) and proposed order, and

- a letter to the court coordinator stating that he was still unsure whether the defendants had been served, and requesting—if they had not yet

–2–

been served—another setting "until I can determine if they have been served, and if not, why, etc."

The record does not contain an order on Sutherland's Motion to Appear, or any communication about a new setting.

On March 8, the trial court signed its Order of Dismissal for Want of Prosecution, stating that the case was reached on February 25 and, "there being a failure to prosecute same," the case was dismissed.

In his single issue, Sutherland contends that the trial court erroneously dismissed his case. We review a dismissal for want of prosecution under an abuse of discretion standard. *In re Marriage of Bolton*, 256 S.W.3d 832, 833 (Tex. App.—Dallas 2008, no pet.). The trial court's notice posited two situations that would result in dismissal. We address them in turn.

First, the court stated that if no answer had been filed, then Sutherland's failure to move for a default judgment would result in dismissal. Sutherland attempted to learn the status of his case, specifically concerning service of process on the defendants. Although he lacked information concerning service, he filed a proposed default judgment that set forth the possible basis for such a judgment, namely that "[t]he defendants, although having been duly and legally cited to appear and answer, failed to appear and answer, and have wholly made default" and that "[c]itation was served according to law and returned to [the] clerk where it remained on file for the time required by law." *See* TEX. R. CIV. P. 239. Sutherland also filed

the required certification of the defendants' last-known address. *See* TEX. R. CIV. P. 239a. Our review of the record shows no return of service in this case, so a default judgment would not have been appropriate on the date of the dismissal docket. Nevertheless, we conclude that Sutherland attempted to comply with this part of the trial court's notice in order to avoid dismissal.

The second part of the trial court's notice stated that if service had not been obtained, then Sutherland was to obtain a new setting from the court coordinator or appear on the dismissal date. Sutherland wrote to the court coordinator explaining that he did not know whether the defendants had been served and requesting—if they had not been served—to have a new setting. The court's dismissal order states that Sutherland's case was reached on the original date, so his request for a new setting was apparently denied.

Sutherland was left with only one option: to appear personally for the dismissal docket.[1] In his Motion to Appear, Sutherland explained that he was incarcerated and stated that it was essential that he appear at the February 25 hearing. He asked for a bench warrant or, alternatively, to be allowed to appear by teleconference, affidavit, deposition, or other effective method. Sutherland cited appropriate legal authority; he asserted that his presence was material to prosecuting his cause of action and that the ends of justice required his presence. By proceeding

---

[1] Being indigent, Sutherland could not afford an attorney to appear on his behalf. *See Marriage of Bolton*, 256 S.W.3d at 834.

to dismiss the action, it is clear that the trial court implicitly denied Sutherland's request to appear. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003).

Litigants cannot be denied access to the courts solely because they are incarcerated. *Id.* That said, an inmate does not have the absolute right to appear in person for every court proceeding. *Id.* When the issue is the inmate's right to appear in person, the courts weigh that right against "the protection of our correctional system's integrity."[2] However, Sutherland's request to appear by an alternative method did not implicate the correctional system's concerns as a bench warrant would. "When the trial judge determines an inmate should not be allowed to appear personally, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other effective means." *Marriage of Bolton*, 256 S.W.3d at 833. We conclude that by requiring Sutherland, a pro se inmate, to appear personally at a hearing while not acting on his request to appear by any effective means, the trial court "effectively closed its doors to the inmate." *See Boulden v. Boulden*, 133 S.W.3d 884, 886 (Tex. App.—Dallas 2004, no pet.); *see also Marriage of Bolton*, 256 S.W.3d at 834.

---

[2] When deciding whether to grant a bench warrant, the courts consider the following factors:

> the cost and inconvenience of transporting the prisoner to the courtroom; the security risk the prisoner presents to the court and public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release; whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether the prisoner's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the prisoner's probability of success on the merits.

*Id.* at 165–66.

We conclude that Sutherland did everything he could to respond to the trial court's notice of dismissal and to prosecute his case. *See Boulden*, 133 S.W.3d at 887. Under these circumstances, the trial court abused its discretion by dismissing the case for want of prosecution.

We reverse the trial court's order and remand this case for further proceedings.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

190360f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RONALD SUTHERLAND,
Appellant

No. 05-19-00360-CV      V.

HEATHER MICHELLE MAUM
NEE BEAM, DEREK RENSHAW,
AND THE ESTATE OF GERALD
AND/OR BERTIE BEAM,
Appellees

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-16303.
Opinion delivered by Justice
Pedersen, III. Justices Osborne and
Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Ronald Sutherland recover his costs of this appeal from appellees Heather Michelle Maum nee Beam, Derek Renshaw, and The Estate of Gerald and/or Bertie Beam.

Judgment entered this 21st day of April, 2020.