In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00295-CV**
_____

**WILLIAM VANDERGRIFF, Appellant**

**V.**

**JESSICA TAYLOR KINSEY, Appellee**

On Appeal from the 457th District Court
Montgomery County, Texas
Trial Cause No. 20-01-01551-CV

**MEMORANDUM OPINION**

William Vandergriff, a pro se inmate, appeals an order dismissing his suit for want of prosecution. The trial court dismissed the case after Vandergriff failed to appear at a mandatory dismissal hearing. Before the hearing, however, Vandergriff moved for an order allowing him to appear by alternative means because he was in prison. The trial court ignored his motion and dismissed his case when he didn't appear for the hearing. We hold the trial court violated Vandergriff's due process rights

1

by ignoring his motion. The trial court's order of dismissal is reversed and the case is remanded to the trial court for further proceedings.

## Background

Vandergriff is an indigent prison inmate who resides at the C.T. Terrell Unit in Rosharon, Texas. In January 2020, acting pro se, he sued Jessica Kinsey and alleged her tortious acts damaged him by causing him economic harm.

In November, the trial court ordered all parties seeking affirmative relief in the case to appear on December 4th and "show cause why [the] case should not be dismissed for want of prosecution." In the order, the trial court stated failing "to appear and show good cause" would result in the case being dismissed and removed from the trial court's docket. In response to the show cause order, Vandergriff asked the trial court to allow him to participate in the hearing by conference call because he was in prison. But even though Vandergriff filed the motion four days before the hearing, the trial court did not act on Vandergriff's motion.

On December 4th, the trial court called the for announcements on Vandergriff's case, and Vandergriff—who was still in prison—failed to appear. The trial court ordered the case dismissed for want of

2

prosecution. After Vandergriff was notified the trial court dismissed his case, he moved to have it reinstated, alleging he failed to appear because he was in prison, not because he was consciously indifferent. Vandergriff blamed the dismissal on the trial court's refusal to rule on the motion he filed asking for permission to appear at the hearing by conference call. But the trial court didn't conduct a hearing on Vandergriff's motion to reinstate, and it never ruled on that motion either. So, in the end, Vandergriff's motion to reinstate was simply overruled by operation of law.[1]

## Analysis

In one issue, Vandergriff argues the trial court erred in dismissing his case and denying his motion to reinstate. Just like an order dismissing a case for want of prosecution, we review an order denying a motion to reinstate for abuse of discretion.[2] A trial court abuses its

---

[1] *See* Tex. R. Civ. P. 165a(3).
[2] *MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex. 1997) (per curiam) (dismissal for want of prosecution); *Smith v. Babcock & Wilcox Constr. Co., Inc.,* 913 S.W.2d 467, 467 (Tex. 1995) (per curiam) (denial of motion to reinstate).

discretion when it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner.[3]

A trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power.[4] Rule 165a allows a trial court to dismiss upon the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or when a case is not disposed of within the appropriate time standards.[5]

In the present case, the trial court dismissed the case because "[n]o party seeking affirmative relief to said suit appeared" at the dismissal hearing. When a trial court uses its statutory power to dismiss a case for want of prosecution, and a party files a motion to reinstate, the trial court must reinstate the case if the movant shows his failure to appear was not intentional or the result of conscious indifference.[6] And here, Vandergriff alleged he did not appear because he was incarcerated and because the

---

[3]*Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011).
[4]*Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).
[5]Tex. R. Civ. P. 165a(1)-(2).
[6]*Id.* 165a(3).

trial court did not grant his motion for an order allowing him to appear via conference call.

"It is well-established that litigants cannot be denied access to the courts simply because they are inmates."[7] Inmates have no absolute right to appear in person in every court proceeding.[8] But it is fundamentally unfair to order an inmate to appear at a mandatory dismissal hearing, ignore his request to appear by an alternative method, and then dismiss the case because the inmate failed to appear.[9] When a trial court determines an inmate may not appear personally, the inmate should be allowed to proceed by alternative means, like by affidavit or telephone.[10]

Here, the record demonstrates that before the trial court dismissed his case, Vandergriff asked the trial court to allow him to appear at the hearing by conference call because he was incarcerated. The trial court, however, failed to address that motion, proceeded to dismiss the case for

---

[7]*In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003).

[8]*Id.*

[9]*See Gamboa v. Alecio,* 604 S.W.3d 513, 515 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

[10]*In re Marriage of Bolton*, 256 S.W.3d 832, 833 (Tex. App.—Dallas 2008, no pet.).

Vandergriff's failure to appear, and then failed to conduct a hearing on his timely-filed motion to reinstate.

A trial court safeguards an inmate's right to due process by providing an inmate with notice and an opportunity to be heard.[11] The trial court did not do that here. We conclude the trial court abused its discretion in dismissing Vandergriff's suit without providing him the opportunity to appear and be heard.

The trial court's order is reversed. We remand the case to the trial court for further proceedings consistent with the Court's opinion.

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on June 27, 2022
Opinion Delivered October 27, 2022

Before Golemon, C.J., Horton and Johnson, JJ.

---

[11]*Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995).